BEAUMONT, S. L. & W. RY. CO. v. MANNING. (No. 5869.) *

(Court of Civil Appeals of Texas. Galveston. March 27, 1916. Rehearing Denied April 27, 1916.)

1. MASTER AND SERVANT ☞277—ACTION FOR INJURY—ISSUES—SAFE PLACE TO WORK—RELATION OF PARTIES.

An action for personal injury, plaintiff's case, *held* predicated upon the theory that he, as an employé of a construction company, was lawfully at work upon a flat car, and that, while in the performance of his duties, he was injured through the negligence of the employés of the defendant railroad in backing other cars against it, and not on the theory of defendant's duty to provide a safe place to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 953; Dec. Dig. ☞277.]

2. WITNESSES ☞319—IMPEACHMENT—IMMATERIAL MATTERS.

In an action for personal injury caused by the servants of defendant railroad negligently backing other cars against a flat car on which he was working, where plaintiff admitted the receipt of certain pay checks issued by a construction company, but claimed that he did not sign the receipts himself, but authorized a hospital attendant to sign them, the contract between plaintiff and his attorneys actually signed by plaintiff was not admissible to impeach plaintiff; the question as to whether or not he had signed the receipts being immaterial.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1087–1093; Dec. Dig. ☞319.]

3. TRIAL ☞194(1) — INSTRUCTION — WEIGHT OF EVIDENCE.

A requested charge appearing to be upon the weight of the evidence was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439, 440, 450; Dec. Dig. ☞194(1).]

4. TRIAL ☞260(1)—REQUESTED INSTRUCTION —GIVEN INSTRUCTION.

Charges in no way necessary to the elucidation of the issues raised by the pleadings and proof after they had been covered by the court's general charge were properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ☞260(1).]

5. MASTER AND SERVANT ☞318(1)—MASTER'S LIABILITY—NEGLIGENCE OF SERVANT.

It was not necessary that the defendant railroad should have had supervision of all the numerous details of construction work to render it liable for the negligence of its servants in backing cars against a flat car on which plaintiff, the foreman of a construction company, was working, and thereby causing personal injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1257; Dec. Dig. ☞318(1).]

Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by Pat Manning against the Beaumont, Sour Lake & Western Railway Com-

pany and others. Judgment for plaintiff, and defendant named appeals. Affirmed.

See, also, 146 S. W. 227; 181 S. W. 687.

Andrews, Ball & Streetman, of Houston, C. T. Duff, of Beaumont, and A. L. Jackson, of Houston, for appellant. O. T. Holt, John Lovejoy, and John W. Parker, all of Houston, for appellee.

McMEANS, J. Pat Manning brought this suit against the Beaumont, Sour Lake & Western Railway Company, the Colorado, Southern, New Orleans & Pacific Railway Company, and Kenefick-Hammond-Quigley Construction Company to recover damages for personal injuries sustained by him through the negligence of defendants while engaged in the performance of services as an employé of defendants in the construction of a switch track on an extension of the Beaumont, Sour Lake & Western Railway Company. Before the trial plaintiff dismissed as to all the defendants except the Beaumont, Sour Lake & Western Railway Company. A trial before a jury resulted in a verdict and judgment for the plaintiff, and the defendant has appealed.

Plaintiff alleged that on or about the 26th day of July, 1907, he was in the employ of defendants, and each of them, as a foreman of a gang of men engaged in general construction work on said line of railway of defendants; that at the time of the injuries complained of plaintiff and his said gang of men were in the actual performance of their duties of employment, and were preparing to construct a switch track at a point on the line of railway of defendant about three miles north of the town of Dayton, Liberty county, Tex.; that for said purpose the defendants had brought to said point a carload of tools and a carload of angle bars or other material along with eight or ten other cars in said train; that they had cut loose from said train the flat car containing the tools and the box car next to it containing the angle bars or other material and the engine of said train with the rest of said cars had gone some distance on said track in an easterly direction; that the flat car on which the tools were placed was west of said car which was between the flat car and the engine and the other cars; that when said cars were cut loose and made stationary the general foreman of defendants, and each of them, under whose control and direction plaintiff and his gang of men were, ordered and directed plaintiff to go upon the said flat car and get off the tools for the purpose aforesaid; that they had got all of the tools off said car except some wrenches; and that plaintiff, in obedience to orders, got back upon said car to get same, and while in the performance of his duty the said engine and other cars came back at a rapid and reckless rate of speed, and violently struck the box car next and attached to said flat car, and violently struck said flat car, knocking and throwing plaintiff a great distance, to wit, about ten feet, and striking his head, neck, and back against said box car, running over him, and inflicting the injuries hereinafter complained of, without fault or negligence on his part.

Recovery was predicated upon the negligence of defendants in the following particulars:

"That said injuries were directly and proximately caused and occasioned by the negligence and carelessness of the defendants, and each of them, their agents, servants, and employés, in this, to wit:

"(a) That they negligently and carelessly backed said engine and cars at an unusual, rapid, dangerous, and reckless rate of speed and against said box car and flat car upon which plaintiff was standing, and hit same with great and unusual violence, causing the injuries aforesaid, and that, if they had used ordinary care in the premises, said injuries would not have occurred. * * *

"(d) That they were further negligent in not taking precautions to see that plaintiff and his men were all off said flat car before they backed said engine and cars upon them, and that they backed said engine and cars aforesaid without any signal so to do; that they knew or by the use of ordinary care they could and would have known of the presence of plaintiff upon said flat car, and could and would have prevented said injuries; that said box car obstructed the view of plaintiff, and he could not see and did not see the engine and other cars coming back upon him, and did not know of their presence, and that he was injured without any notice or knowledge of the approach of said cars, and without any fault or negligence on his part."

Other acts of negligence alleged were not proved, and therefore are not set out.

The evidence in the record warranted the jury in finding that the plaintiff was injured in the manner and from the causes charged in his petition. The evidence also warranted the finding that the engineer and conductor of the train which backed against the car upon which plaintiff was at work were the employés and servants of the Beaumont, Sour Lake & Western Railway Company (Manning v. Railway, 181 S. W. 687), for whose negligence, resulting in personal injuries, the railway company was responsible, under the principle of respondeat superior. The jury were further warranted in finding from the evidence that the acts of the engineer and conductor in backing the train against the car upon which plaintiff was standing was negligence, and that such negligence was the proximate cause of his injury, and that he was not guilty of contributory negligence.

Upon a former hearing of this case we sustained the appellant's first assignment of error, which complained of the refusal of the court to peremptorily instruct a verdict for defendant, on the theory and belief that the undisputed evidence showed that the conductor and engineer, through whose negligence the plaintiff was hurt, were the servants of the Kenefick-Hammond-Quigley Construction Company, an independent contractor, engaged in the construction of the de-

fendant's railroad, and not the employés of the defendant. See Railway v. Manning, 146 S. W. 227. The Supreme Court granted a writ of error, and reversed this court on said ruling, holding that there was sufficient evidence to sustain the finding of the jury on that issue. See Manning v. Railway, 181 S. W. 687. With all due deference we acknowledge our error and readily acquiesce in the Supreme Court's ruling. Our former judgment has therefore been set aside.

There are 11 assignments of error presented by the appellant which were not considered by this court on the former hearing, for the reason that, in view of our decision then rendered, it was unnecessary to decide them; we having reached the conclusion that the judgment should be reversed and rendered on the issue presented in the first assignment. The Supreme Court, in reversing our decision, remanded the case to this court for a decision of the questions presented in said assignments.

The second and fourth assignments present in different forms substantially the same question as the first, and, in view of the disposition by the Supreme Court of the first assignment, we overrule them. Even if we are mistaken in holding that the assignments present practically the same question as presented by the first, we hold, after a careful consideration of them, that neither of them points out reversible error, and both are overruled.

[1] The third assignment, submitted as a proposition, is as follows:

"That the court erred in overruling the defendant's amended motion for new trial, for the reasons set forth in ground XVIII of said motion, complaining that the verdict of the jury was contrary to the law and the evidence, in that, according to the undisputed evidence, the plaintiff, Manning, did not sustain to the defendant railway company that relation of servant to master which would invoke the doctrine of respondeat superior, so as to impose on the defendant railway company the duty of using ordinary care to furnish Manning a reasonably safe place to work, or reasonably prudent fellow workmen, in connection with the service which they were then and there engaged in."

There is no merit in this assignment. The issue of safe place to work was not presented by either the pleadings or the evidence. Plaintiff's case is predicated upon the theory that he, as an employé of the Construction Company, was rightfully upon the car where he was at work, and that while in the performance of his duties there he was injured through the carelessness and negligence of the defendant's employés.

[2] The fifth assignment complains of the action of the court in refusing to permit the defendant to prove by the testimony of plaintiff, Pat Manning, that a certain written contract on file in this cause purporting to have been executed between him and his attorneys looking to the employment of the latter was actually signed by him, and that the signature was in his handwriting, and in refusing to permit the defendant's counsel to introduce said written contract and signature in evidence, in order that the signature might be examined by the jury and compared with the name "Pat Manning," as signed on certain vouchers, checks, letters, and pay rolls and other documents which had theretofore been exhibited to the plaintiff when he was a witness, and the signing of his name on which he had denied, and in refusing to permit counsel for defendant, in that connection, to make proof by expert witnesses that the signature of Manning on said contract of employment was similar to and identical with the name "Pat Manning" as signed on said vouchers, checks, letters, and pay rolls, thus contradicting and impeaching said Manning, and tending to discredit his testimony.

Under this assignment appellant presents the two following propositions:

(1) "The pleadings having raised the issue whether the plaintiff, at the time of his injury, was in the employment and under the immediate control and direction, and performing the service of defendant or of the construction company, any circumstance tending to show that the plaintiff knowingly received all of his compensation for such service from the construction company, and not from the railroad company, was admissible as evidence material to such issue."

(2) "The plaintiff having testified as a witness in his own behalf, for the purpose of establishing the material allegations of his pleading, it was competent for defendant's counsel, upon and in connection with his cross-examination, to prove any contradictory or inconsistent act or statement on the part of plaintiff, connected with the controversy involved, that would tend to affect his credibility and the weight of his testimony, by testing his sincerity or the accuracy of his memory."

The overwhelming weight of, if not the undisputed, testimony, shows that Manning was the servant of the construction company, and not of the appellant, and it is not contended otherwise. On this point the appellant, on page 72 of its brief, says:

"The evidence shows without dispute that the plaintiff, Pat Manning, was employed by the Kenefick-Hammond-Quigley Construction Company, and paid by it, and during the time of his employment, up to the time of his injury, performed for it only construction work which was covered by the contract with defendant, and never rendered at any time any service for defendant railway company, or received payment from it, or was under its direction or control, or subject to its power to discharge him at the time."

The proposition advances the contention, in effect, that because the pleadings raised the issue as to whether the plaintiff was in the employment and under the immediate control and direction and performing the services of the defendant or the construction company, the proffered testimony was admissible on this issue.

The plaintiff admitted the receipt of certain pay checks issued by the construction company, but claimed that he did not sign the receipts therefor himself, but authorized an attendant at the hospital, where he then was, to sign his name thereto. He denied, however, that he had received a check for

$50 which the construction company claimed to have paid him, or that he had signed or authorized his name to be signed to the receipt therefor. These payments were for sums due plaintiff by the construction company as wages. They were not sued for by plaintiff, and were in no way put in issue. The papers and documents which bore the admitted signature of plaintiff offered by appellant as a means of comparison with the signature on the receipts were in no way admissible upon the issue made by the pleadings, but it seems to us to have been a plain attempt to impeach the plaintiff on an immaterial and collateral matter. This cannot be allowed. Texas & Pacific Railway Company v. Phillips, 91 Tex. 278, 42 S. W. 852. The assignment is overruled.

The sixth assignment is sufficiently disposed of by what we have hereinbefore said, and by the ruling of the Supreme Court heretofore referred to in this opinion, and is overruled without further comment.

[3, 4] The seventh assignment complains of the refusal of the court to give to the jury the third special charge requested by defendant. The charge appears to be upon the weight of the evidence, and for that reason it was not error to refuse to give it. Besides this, it does not appear that the charge was in any way necessary to the elucidation of the issues raised by the pleadings and proof, other than had been covered by the court's general charge. Certainly its refusal does not afford a ground for reversal. The assignment is overruled.

[5] The eighth assignment complains of the refusal of the court to give the following special charge requested by defendant:

"You are instructed that, in order to constitute that power of control by the defendant railway company over the members of the train crew which you have been instructed elsewhere in the charge is necessary to render the defendant liable for their alleged negligence, you must find from the evidence that defendant had not only the power of supervision as to the ultimate results of the work being performed, but all the details, together with the immediate power and authority to discharge from the particular service those whose acts are complained of as causing the plaintiff's injury."

Manifestly the charge should not have been given. It was not necessary under the facts of this case that the railway company must have had supervision of all of the many, and almost infinite, details of the work of construction in order to render it liable for the negligent acts of its agents in causing plaintiff's injury. The assignment is overruled.

The ninth, tenth, and eleventh assignments are predicated upon the refusal of the court to give the fifth, sixth, and seventh special charges requested by defendant.

We have carefully examined the requested special charges in connection with the evidence and the main charge, and are of the opinion that, in so far as the charges were proper to be given, they were sufficiently comprehended in the court's charge, and that the failure to give them should not cause a reversal. The assignments are overruled.

The twelfth assignment is without merit, and is overruled without discussion.

We find no reversible errors in the record, and the judgment of the court below is affirmed.

Affirmed.