TEXAS & PACIFIC RAILWAY COMPANY v. ROBERT PHILLIPS.

No. 584.—Decided November 22, 1897.

1. **Witness—Impeachment—Irrelevant Matter.**
Testimony contradicting the evidence of an adverse witness is not admissible where such evidence was not relevant to the issues. (P. 281.)

2. **Same.**
An engineer having testified that he knew nothing about a boy having been struck by his engine till the next day, could not be questioned about having seen a man by the track pointing back to the scene of the accident, and contradicted on denying having noticed such occurrence. (Pp. 280, 281.)

3. **Contributory Negligence—Care Required of Child.**
In determining the care required of a plaintiff fourteen years old struck by a train while walking on track, his age, intelligence, and ability to understand the character and consequences of the act are to be considered,—not the care which a reasonably prudent person of the same age would exercise. (P. 281.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Red River County.

The railway company obtained writ of error from a judgment of the Court of Civil Appeals affirming a recovery against it, in the trial court, by plaintiff Phillips, for damages to him occasioned by injury to his minor son.

*T. J. Freeman* and *Head, Dillard & Muse*, for plaintiff in error.— It is not incumbent on employes· of a railway company in charge of an engine or train to use reasonable care to discover persons who voluntarily and without excuse go upon the railroad track, and such employes may assume that a party walking on the track will leave the same in time to avoid injury; and the railway company will only be liable if its employes, after it was apparent that such person would not leave the track, failed to use ordinary care to prevent injury to him. A railway company is entitled to a free and unobstructed track, and if a person voluntarily goes upon such track, and is not seen by the employes of the railway company, then the defendant, under such a state of facts, would not be liable. Railway v. Ryon, 70 Texas, 56.

The fourth paragraph of the court's charge is upon the weight of the evidence, and is erroneous, because it instructs the jury that it is the duty of every person to use ordinary care and caution to prevent injury to himself, and then the jury was informed that such degree of care would be that care which a person. of ordinary prudence and caution of the same age would commonly exercise under like circumstances.

The court erred in refusing to give in charge to the jury the seventh special instruction requested by defendant, because if under the circumstances surrounding Asberry Phillips, and just before he was injured, it would have been required of a person of ordinary care and prudence that he should have looked and listened for the approach of defendant's

engine, and if he failed to do so, and was thereby injured, then the jury should have been instructed to return a verdict for defendant. Railway v. Hamilton, 28 S. W. Rep., 906.

The court erred in permitting the witness H. Hartley, who was introduced by defendant, to testify on cross-examination over defendant's objection that he never knew of a man being discharged on account of an engineer running the engine and carelessly injuring a person.

The court erred in permitting the plaintiff on cross-examination of the witness Hartley to ask such witness if he did not see some one shake his fist at him, and point back to the place where Asberry Phillips was on the track, and if he, witness, did not stick his head out of the window, and look back to see what was done, to which the witness answered that there might be dozens of men point at the engine, and his attention would not be attracted by them, and that he might have looked back, and the court also erred in permitting the witness, Merrill, to testify that as the engine that knocked Asberry Phillips off the track passed him, witness, that he, witness, shook his fist at the engineer, and that the engineer looked back through the window, because such testimony was immaterial and irrelevant, and because the witness Hartley could not be impeached by the witness Merrill upon an immaterial issue.

No briefs for defendant in error were on file.

BROWN, Associate Justice.—The Court of Civil Appeals made no finding of facts in this case, but referred to the case of Texas & Pacific Ry. Co. v. Phillips, 37 S. W. Rep., 620, for the facts of the case, and we make the following statement of the facts as shown in the case referred to as being that which is applicable to the points presented in the application for writ of error:

On January 20, 1894, Asbury Phillips, a negro boy about fourteen years of age, was knocked off the track of the Texas & Pacific Railroad by one of its engines in the town of Detroit in Red River County. The boy was walking on the track at a point about 150 yards west of the signal board and about one half mile east of the depot. He was going westwardly and the train which struck him was going in same direction, therefore came up behind him. The accident occurred about eleven o'clock in the day time. At a point about three or four hundred yards east of where the boy was struck there is a curve in the track, but from such point to the depot in Detroit the track was practically straight. Two public roads cross the railroad track, one at a distance of about 300 yards and the other about 250 yards west of such signal board. No signal, either by ringing the bell or blowing the whistle, was given by the persons in charge of the engine. It was customary and usual for parties in charge of engines to give statutory signals at these crossings. The place where the boy was injured was a thickly settled portion of Detroit. There were a number of houses on either side of the track,

and persons in that neighborhood and others were in the daily habit of passing over the said track to and from Detroit. The track was used by footmen as a pathway or street to go from their homes to the town and return, which use of the track was well known to the defendant Railway Company, its servants and agents. The engine was at the time being run at a high rate of speed. The boy testified that at the time he got upon the track he looked in both directions for an approaching train and saw none; that he did not hear the engine as it approached him and knew nothing about being struck by it. The engineer testified that he did not see the boy at all and did not know that anybody had been injured until the next day, when inquiry was made of him by the officers of the Railroad Company with regard to the matter. The engineer could have seen the boy on the track for about 300 yards before the engine reached him. The engineer knew that the track at this point was commonly used by the people in that neighborhood as a foot- way in going to and returning from the town.

This suit was instituted by Robert Phillips, the father of the injured boy, to recover damages occasioned to him, the father, by the injuries to his son, and he recovered judgment against the Railroad Company, which was affirmed by the Court of Civil Appeals.

Hiram Hartley, who was the engineer on the engine that knocked the boy off the track, was introduced as a witness by the defendant and testified that he did not see the boy before he was struck and did not know that any one had been injured until the next day, when inquiry was made of him about it. Upon cross-examination, the plaintiff's attorney asked Hartley "if he saw any person on the north side of the track at or near the crossing." The point inquired about was some little distance west of the place where the injury occurred. To the question, the witness answered—that he might have seen a man there but did not think he took notice of anyone. Plaintiff's counsel then asked the witness if he did not see a man shake his fist at him and point back along the track, and if he, witness, did not then stick his head out of the window and look back to see what was done. The witness answered—"there might have been dozens of men point at the crossing and my attention would not be attracted by them. I might have seen them but do not think that I took notice of anybody there." After the defendant had closed its testimony and after the witness Hartley had testified as before stated the plaintiff placed on the stand W. P. Merrill, who testified, in substance, that when the engine which knocked the boy off the track passed him, the witness, he motioned to the engineer as it passed and when it was right opposite to the witness, and that the engineer looked back, and when the witness motioned to him and pointed up the road he, the witness, could see Mr. Lindsey and some negroes; that he, the witness, saw by the track some negro women on the north side of the track who were going towards the injured boy. The Railroad Company by its counsel objected to the introduction of the testimony of Merrill, "because such testimony is immaterial and irrelevant and because the wit-

ness Hartley could not be contradicted or impeached by the witness Merrill as to such matters which were immaterial to any issue in the case." The objections were overruled and a bill of exceptions properly taken.

If the evidence proved the fact that the engineer, upon having his attention called to it, looked back to the place where the boy lay after he was injured, that fact did not tend to prove any issue involved in the case. The evidence made an issue before the jury which was not involved in the pleading of the parties, but which was made the basis of an attack upon the credibility of the witness Hartley by first examining him with regard to it and then introducing evidence to contradict his statements made with reference thereto. It is elementary, that a witness cannot be impeached by contradicting him upon an immaterial matter, and we know of no case in which the immateriality of the matter about which the impeaching testimony in introduced was more apparent than in this.

Hartley was an important witness for the defendant and whatever tended to destroy his credit before the jury, if improperly admitted in evidence, must necessarily constitute material error. The importance of this testimony is emphasized by the fact that the Court of Civil Appeals holds that the evidence of Merrill contradicting the engineer was sufficient to justify a jury in wholly discarding the evidence of the witness Hartley. The jury may have taken the same view of it. The judgment of the District Court must be reversed and the cause remanded on account of the error committed in admitting the evidence of Merrill.

The plaintiff in error presents a number of grounds in the application for the writ of error, but we do not find in them anything that we think requires discussion by this court. It is objected that the trial court, in the fourth paragraph of the charge, erred in prescribing as a standard by which to judge of the care to be exercised by the injured boy that amount of care which would be exercised by a reasonably prudent person of the same age. In view of another trial, we invite the attention of the trial court to the case of M., K. & T. Ry. Co. v. Rodgers, 89 Texas, 680, in which this court laid down the rule that to determine the question of liability for injury to a child it is proper to take into consideration his age, intelligence and ability to understand the character of the act performed and its consequences.

For the error indicated the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*