## Missouri, Kansas & Texas Railway Company of Texas v. Sarah F. Moore.

Decided November 6, 1900.

1. **Evidence—Res Gestae—Declarations.**

In an action by parents for negligence causing the death of their son, declaration of the deceased as to what caused the accident, to wit, that "the hand-hold on the car gave way," was admissible as res gestae, where the injury was such as to cause his immediate unconsciousness, and the declaration was made instantly upon his return to consciousness, and without question or suggestion by anyone.

2. **Same—Impeaching Testimony—Collateral Issue.**

Where the petition alleged that the death of the deceased resulted from the breaking of a hand-hold on a car that was being switched, a witness for defendant who testified that the car was the only one that was being switched, and that he examined it next morning and found the hand-holds intact, can not be impeached by testimony that he had said that a long string of cars was being switched, since this was collateral and immaterial issue, such statement throwing no light on how the injury occurred.

Appeal from Dallas. Tried below before Hon. W. J. J. Smith.

*T. S. Miller, Marshall Thomas,* and *Alexander & Thompson,* for appellant.

*K. R. Craig* and *Fitzhugh & Smith,* for appellee.

BOOKHOUT, Associate Justice.—This is a suit by appellee against appellant for damages on account of the death of her son, John R. Moore, which occurred while he was in the employ of appellant as switchman in its yards at Dallas. It was charged that the appellant was negligent in that it furnished a car with a defective hand-hold which caused the injury. Appellant pleaded general issue, contributory negligence, and assumed risk. There was a verdict and judgment in favor of appellee for $1000. Appellant has duly prosecuted an appeal to this court.

In its first assignment of error appellant complains of the action of the court in admitting the declaration of the deceased as to the cause of the injury, because appellant contends that same was self-serving and not res gestae. On October 11, 1898, John R. Moore, appellee's son,

was in the employ of appellant as switchman in its Dallas yards. He was last seen alive by another switchman in the employ of defendant, who testified that Moore at that time was climbing up the ladder on the north end of a "4-C" car attached to a switch engine and was in the act of stepping on top of the car. This car was being taken from appellant's yard, and was to be delivered at the Santa Fe transfer. Within five or ten minutes thereafter, witness found Moore lying beside the track wounded and unconscious. Near where he lay portions of his lantern and globe were found. Help was called and he was moved to the freight depot and from there taken to his home, where he died as a result of the injury, on October 23d. The accident occurred between 9 and 10 o'clock in the night of October 11th. Moore was unconscious when found, and remained unconscious until between 9 and 10 o'clock of the morning of the next day. Upon regaining consciousness he stated to his physician, Dr. G. J. Hall, that "the hand-hold gave way." This was the first statement or declaration made by Moore upon regaining consciousness. It was not made in reply to any question asked by the physician or anyone else. The plaintiff was permitted to prove by the physician the above statement, to which defendant excepted and preserved the exception in the record. It is shown by the bill of exception that the trial judge stated to the jury when this statement was introduced that he would admit the answer with the limitation that if they believed Moore was unconscious from the time he received the injury up to the time he made the declaration, and that he was conscious when he made it, then they could consider it; but if they believed there was an interval of consciousness between the time of the injury and the time of making the declaration they could not consider it.

The general rule is, that what was said or done by the injured party at the time and place of the injury as to its cause is admissible as part of the res gestae. 1 Greenl. on Ev., sec. 108. While the above states the general rule, cases may be found where the courts of last resort of this State have upheld the admission of the declarations of the injured party as to the cause of the injury, made after the transaction, when the circumstances were sufficient to exclude the presumption that they were the result of premeditation or design. McGowen v. McGowen, 52 Texas, 657; Irby v. State, 25 Texas Crim. App., 203; Galveston v. Barbour, 62 Texas, 172; Railway v. Anderson, 82 Texas, 516, and cases there cited.

The declarations admitted in the case of Galveston v. Barbour and Irby v. State, just cited, were not only made after the main transaction, but were made at a different place from where the accident occurred. In discussing the admissibility of declarations of this character in the case of Railway v. Anderson, cited above, Mr. Justice Gaines, speaking for the court, in an able opinion says, on page 519: "Another rule, applied in many of the American courts at least, is to admit as parts of the res gestae not only such declarations as accompany the transaction, but also such as are made under such circumstances as will raise a reasonable presumption that they are the spontaneous utterance of thoughts

created by or springing out of the transaction itself, and so soon there-
after as to exclude the presumption that they were the result of pre-
meditation or design." The above is now the recognized rule in this
State.

In the case before us Dr. Hall testified that the effect of· the injury
to the head of Moore would have been to occasion immediate uncon-
sciousness. As before stated, the uncontradicted evidence shows that
Moore was unconscious and remained unconscious from the time he was
first discovered up to the time he made the declaration to Dr. Hall. Mr.
Gillett, in his work on Indirect and Collateral Evidence, section 258,
states the rule in such a case as follows: "Where, as the result of the
principal act, one of the actors becomes unconscious, his mind, upon a
restoration to consciousness, naturally takes up the thread of events at
the point where it left off. This fact in such cases may serve to bridge
the hiatus of time."

The declaration of Moore was made under such circumstances as show
that the same was his spontaneous utterance, and excludes the pre-
sumption of premeditation or design on his part. We conclude that
the testimony was admissible, and that appellant's first assignment is
without merit. Leahey v. Railway, 97 Mo., 165, 10 Am. St. Rep., 300.

In its second assignment of error appellant contends that the court
erred in admitting evidence to contradict its witness Ferguson, because
the declarations alleged to have been made by him, and which were
introduced by appellee to contradict him, were not made by said Fergu-
son in the line of his employment, and it was not competent to impeach
Ferguson by contradictory statements imputed to him on an irrelevant
and immaterial issue. The witness Ferguson was introduced by defend-
ant, appellant here, to show that the "4-C" car upon which John R.
Moore was climbing at the time he received the injury was the only car
coupled to the engine and taken to the Santa Fe crossing, and that this
car was examined by him the next morning and that the hand-holds were
intact. Upon cross-examination by plaintiff the witness was asked if he
did not state the next morning after the accident to Mrs. Pat O'Toole,
"that I did not see how it was that Johnnie did not get killed; that we
*were going to the compress with a long string of cars, and that Johnnie
was on the hind car*, and that I did not miss him until I got to the rail-
road crossing where I needed a signal, and that I backed up to the yard
and found Johnnie." Ferguson denied making these statements. For
the purpose of contradicting and impeaching this witness the plaintiff
was permitted to show by Mrs. O'Toole that the above statements were
made to her by the witness.

The evidence as to the number of cars attached to the engine and
which were being hauled to the Santa Fe transfer could throw no light
on the question as to how the injury occurred. This statement was
collateral to the issues before the court. The rule is well settled that
a witness can not be impeached on an immaterial and irrelevant issue.
Railway v. Phillips, 91 Texas, 278; Railway v. Kizziah, 86 Texas, 92.

As before stated, Ferguson had testified that this "4-C" car was ex-

amined by him the next morning, and that the hand-holds were all right. The jury may have concluded that because the witness had been contradicted in reference to the number of cars attached to the engine and hauled to the Santa Fe crossing he ought not to be believed in any respect. We conclude that the second assignment of error is well taken, and that for the error therein pointed out the judgment should be reversed.

The third assignment of error complains of the verdict of the jury as being contrary to the evidence. In view of the fact that this case will go back for another trial, we do not deem it proper to discuss the evidence.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*