REESE et al. v. HAMLETT et al.   (No. 6137.)

(Court of Civil Appeals of Texas. Austin. April 14, 1920. On Motion for Rehearing, June 30, 1920.)

1. Witnesses ⊜405(2)—No impeachment by showing false swearing to immaterial matter.

In suit on note for labor and materials, wherein a defendant brought cross-action against defendant owner, court erred in permitting cross-complainant to ask defendant owner whether, in prior lien suits, he had interposed plea of homestead like that in present case, etc., and then, on receiving negative answers, to introduce answer in previous case filed by defendant owner, wherein he interposed similar plea of homestead, as a witness cannot be impeached by showing he swore falsely to an immaterial matter.

### On Motion for Rehearing.

2. Estoppel ⊜92(1)—Holder of note secured by mechanic's lien estopped as against transferor by acceptance of insurance money.

Transferee of note for labor and materials furnished for improvements on land *held* estopped by the acceptance of insurance money from asserting any claim over the makers and owners of the premises against her immediate transferor, who had taken from the payee, the owners being estopped from questioning the lien by having secured the note by vendor's lien, so that the liability of plaintiff's transferor on the original mechanic's lien was immaterial.

3. Costs ⊜240—No costs taxable against appellee, who did not offer testimony for which reversal ordered.

No costs of the appeal should be taxed against an appellee, where the case has been reversed for error in admitting testimony not offered by her.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by Mrs. Johnnie T. Hamlett and others against A. Reese and others. From the judgment, defendants appeal. Reversed and remanded in part; affirmed in part.

E. C. Street, of Waco, for appellants.

Witt, Terrell & Witt, of Waco, for appellees.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

KEY, C. J. Appellees concede the correctness of appellants' statement of the nature and result of this suit, which is as follows:

"This is a suit instituted by Mrs. Johnnie T. Hamlett against A. Reese and wife, Maggie L. Reese, upon one note for $500, dated October 30, 1913, and due three years from date, bearing interest at the rate of 10 per cent. per annum, and providing for 10 per cent. attorney's fees in certain contingencies.

"Plaintiff alleged the execution by defendants of the note sued upon, and that it was executed in part payment for labor and material for the construction of improvements upon a certain piece or parcel of land in Waco, McLennan county, Tex., and the execution of a certain mechanic's lien contract in favor of one H. P. Fulghum, and prayer for judgment establishing a lien and a foreclosure thereof.

"Plaintiff further alleged that on October 30, 1913, the said H. P. Fulghum transferred and assigned the note in question to D. M. Wilson, together with the mechanic's lien securing same, and that on January 17, 1914, the said D. M. Wilson transferred said note to plaintiff herein, and plaintiff also alleged that on June 26, 1915, A. Reese and wife, Maggie L. Reese, conveyed the premises in controversy to L. B. Reese, who assumed the payment of said note, and that thereafter the said L. B. Reese conveyed said premises to A. Reese, who again assumed and obligated himself to satisfy and pay off the note sued upon.

"Plaintiff further alleged that one T. B. Dockery and D. M. Wilson were asserting claims to said property, and they were made parties that they might assert any rights that they might have in the premises.

"Plaintiff further alleged that the defendants, A. Reese and Maggie L. Reese, were setting up and alleging that the note sued upon had been paid, and that there was some defect in the purported mechanic's lien which should defeat the enforcement of said lien.

"Plaintiff further alleged that she purchased said note and lien from the defendant D. M. Wilson before the maturity of said note in due course of trade and for full face value, and without notice of any defect or vice either in said note or in the lien securing same, and prayed in the alternative that in case the court should find that said note was not secured by a valid mechanic's lien upon the property in controversy, then they should have personal judgment against D. M. Wilson for the amount thereof.

"The defendants A. Reese and wife, Maggie L. Reese, answered by general demurrer and general denial. And for further answer they alleged that the property in controversy on October 30, 1913, and for a long time prior thereto, had been owned by these defendants and used and enjoyed by them as their homestead; that they, being desirous of placing upon said property certain improvements, to wit, a five-room house and a certain addition 10x18 feet to the storehouse then on said property and also a barn 10x30 feet, and also lay 80 feet of cement sidewalk upon said premises, did enter into a certain contract and agreement with one H. P. Fulghum for the construction of said improvements.

"Said defendants further alleged that the said H. P. Fulghum, being unable to place said improvements upon said property without the assistance of others, called into the negotiations with the defendant D. M. Wilson, and it was then and there agreed between the defendants A. Reese and wife, the said D. M. Wilson, the said H. P. Fulghum, that in consideration of the assistance which was to be loaned the said D. M. Wilson in the carrying out of said contract the said A. Reese and wife would make, execute, and deliver to the said H. P. Fulghum notes aggregating $1,600, which said notes would be secured by a pretended mechanic's lien, and included therein was to be the personal indebtedness of the said A. Reese to the said D. M. Wilson, which was alleged to be the sum of $273.96, and also a certain indebtedness of $137.50 due one Mrs. Mitchell.

"Defendants A. Reese and wife further alleged the execution of said notes, their delivery to H. P. Fulghum, the execution of the mechanic's lien, and that contemporaneously therewith the notes were transferred by the said H. P. Fulghum to the defendant D. M. Wilson.

"The defendants further alleged that the said H. P. Fulghum failed and refused to carry out the terms of said agreement, in that he failed, neglected, and refused to place upon said property the addition to said storehouse, the barn, and cement sidewalk, as he had agreed to do, and that by reason of said failure the mechanic's lien had failed and never became valid lien upon said property.

The defendant T. B. Dockery filed his answer and cross-bill, and alleged that on the 26th day of June, 1915, Maggie L. Reese and A. Reese conveyed the property in question to L. B. Reese, and that the said L. B. Reese, joined by A. Reese, executed a vendor's lien note due November 1, 1918, payable to Maggie L. Reese, bearing interest at the rate of 8 per cent., and containing the usual provision as to attorney's fees in case of failure to pay, and, further, that said Maggie L. Reese indorsed said note to the said defendant T. B. Dockery, and prayed for judgment thereon, together with a foreclosure of his lien. The defendant L. B. Reese answered by general demurrer and general denial and plea of minority at the time of the execution of the said note.

"The defendant D. M. Wilson answered by general demurrer and general denial as against the petition of plaintiff, Mrs. Johnnie T. Hamlett, seeking to recover against him in case she failed to establish a valid lien upon the property in question.

"Such defendant D. M. Wilson alleged further that he transferred said note without recourse, and that he gave no express or implied warranty, or that said note was a valid and binding obligation, or secured by a valid lien upon the property in question.

"Defendant Wilson further pleaded by way of estoppel that plaintiff investigated the property in question and knew the circumstances of its execution, the value of the property, etc., and various other grounds of defense not nec-

essary for a consideration of the questions involved on this appeal.

"The defendants A. Reese and wife further answered, in reply to the cross-action 'of the defendant T. B. Dockery, that the conveyance from them of the property in question to L. B. Reese, their minor daughter, and the reconveyance by the said L. B. Reese, was for the purpose of borrowing money upon the homestead of these defendants, and that the arrangement was understood by the defendant T. B. Dockery, and did not, of course, create a valid vendor's lien against the property in question.

"Said defendants further prayed that the pretended lien in favor of the said T. B. Dockery, as well as the pretended mechanic's lien note sued upon, be canceled and held for naught as against said property. There was a verdict upon special issues upon which judgment was entered in behalf of plaintiff, to which exceptions were taken, and from which judgment the defendants A. Reese and wife, Maggie L. Reese, have appealed."

It is proper to add that the judgment was in favor of the plaintiff as against defendant A. Reese, for the amount of the note sued on, with foreclosure of a prior lien as against all defendants, and in favor of the defendant Dockery, as against defendant A. Reese, for the full amount of the note sued on in Dockery's cross-action against A. Reese, and foreclosure of a second lien in Dockery's favor. The appeal is from the entire judgment.

### Opinion.

[1] We sustain the· sixth, seventh, and eighth assignments of error, which complain of the action of the trial court in permitting the defendant Dockery to ask the defendant A. Reese, while upon the witness stand in his own behalf and on the cross-examination, whether in former suits against him, seeking to foreclose liens, he had interposed the plea of homestead similar to the one interposed in this case as against the cross-action of the defendant Dockery, and whether he had interposed such plea in a suit brought against him by one C. H. Higginson, on March 31, 1913; and, after Reese had given a negative answer to both of the questions, in allowing the defendant Dockery to introduce in evidence the answer filed by A. Reese in the case of Higginson v. Reese, wherein the latter interposed a plea of homestead similar to the one interposed in this case, to prevent a foreclosure of a contract lien. We sustain these assignments, and reverse the judgment.

The rule seems to be well settled in this state that a witness cannot be impeached by showing that he swore falsely as to an immaterial matter. Sutor v. Wood, 76 Tex. 408, 13 S. W. 321; Railway Co. v. Phillips, 91 Tex. 281, 42 S. W. 852; Battaglia v. Thomas, 5 Tex. Civ. App. 563, 23 S. W. 385, 1118;

Railway Co. v. Moore, 24 Tex. Civ. App. 489, 59 S. W. 282.

In Railway Co. v. Phillips, supra, the Supreme Court, speaking through Mr. Justice Brown, said:

"If the evidence proved the fact that the engineer, upon having his attention called to it, looked back to the place where the boy lay after he was injured, that fact did not tend to prove any issue involved in the case. The evidence made an issue before the jury which was not involved in the pleading of the parties, but which was made the basis of an attack upon the credibility of the witness Hartley by first examining him with regard to it and then introducing evidence to contradict his statements made with reference thereto. It is elementary that a witness cannot be impeached by contradicting him upon an immaterial matter, and we know of no case in which the immateriality of the matter about which the impeaching testimony is introduced was more apparent than in this.

"Hartley was an important witness for the defendant, and whatever tended to destroy his credit before the jury, if improperly admitted in evidence, must necessarily constitute material error."

The character of defense which Mr. Reese may have interposed in any other case was wholly immaterial to any issue involved in this case, and, as there was conflict in the testimony upon the material questions submitted to the jury, and as Mr. Reese was an important witness in behalf of his wife and himself as to the issues between them and the plaintiff, and between Dockery and them, we hold that the entire case must be reversed.

It is insisted by counsel for the plaintiff Mrs. Hamlett that, inasmuch as the testimony referred to was offered by the defendant Dockery, and not by her, and as she was in no wise responsible for its being placed before the jury, and as appellants did not request the court to restrict it to the issues between them and Mr. Dockery, the judgment in the plaintiff's favor should not 'be disturbed, whatever should be the result as to Dockery.

We are unable to sanction that proposition. The testimony referred to tended to impeach appellant Reese as a witness; and it is unreasonable to suppose that the court could have controlled it by the charge, and prevented.the jury from considering it as affecting Reese's credibility in respect to all of his testimony—that concerning the issues between the plaintiff and appellants and the issues between them and Dockery. As a matter of fact, the testimony was not admissible as between the Reeses and Dockery, nor upon any other phase of the case; and therefore, as it was introduced over appellants' objection and protest, to the effect that it was irrelevant, immaterial, and prejudicial, they

are entitled to have the entire case reversed. Having done all that appellants could do to prevent the introduction of the testimony, and its introduction having inured as much to the benefit of the plaintiff as it did to the benefit of the defendant Dockery, who offered it, the only adequate remedy for appellants is a reversal of the entire judgment.

The other questions presented in appellants' brief have been duly considered, and are decided against them.

For the error pointed out, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

In this case all of the appellees have filed a motion for rehearing, in which they controvert the correctness of our decision in sustaining the sixth, seventh, and eighth assignments of error, and reversing the case because of the admission of the testimony referred to in those assignments. That motion has been duly considered, and is overruled.

Appellee D. M. Wilson has filed a separate motion for rehearing, in which it is contended that the judgment in his favor should be affirmed. Two reasons assigned in the motion for that contention are stated as follows:

"Because the undisputed evidence shows that Mrs. Johnnie Hamlett was the beneficiary of fire insurance carried against the improvements on the property, which improvements were destroyed by fire, and on said insurance ample money was collected to make payment of this and other indebtedness held by her against the property, and the checks in payment of said insurance were made payable to her, and she voluntarily waived her claim on an amount of money more than sufficient to take up this indebtedness and other indebtedness held by her against the property, and permitted the indebtedness sued on to go unpaid, and an amount of money more than sufficient to pay the same to be paid over to A. Reese; wherefore she is estopped from now asserting any claim over against D. M. Wilson.

"Because the undisputed evidence showed that subsequent to the execution of the mechanic's lien contract originally the basis of the lien securing the note sold and transferred by this appellee to Mrs. Hamlett and basis for her suit, the defendants A. Reese and Maggie L. Reese conveyed the land in question to one L. B. Reese, wherein the said note was described and the said L. B. Reese assumed and contracted to pay the same, and that thereafter the said L. B. Reese reconveyed the property to Maggie L. Reese and A. Reese, wherein the said note is described, and the said Maggie L. Reese and A. Reese, as part consideration for said reconveyance, agreed and bound themselves to pay off and discharge the same, in both of which said conveyances a vendor's lien was retained to secure said note; wherefore said note became secured by a valid

vendor's lien, regardless of the validity of the original mechanic's lien securing the same, and the said Reeses were estopped from questioning the mechanic's lien, and the liability or not of this appellee on said original mechanic's lien instrument becomes immaterial."

[2] The record sustains both of these contentions, and we have reached the conclusion that the facts therein referred to justified the trial court in rendering judgment in favor of D. M. Wilson; and therefore his motion for rehearing has been granted, and the judgment in his favor affirmed.

[3] Appellee Mrs. Johnnie T. Hamlett has also filed a separate motion to retax the costs, her contention being that as the case has been reversed on account of an error of the trial court in admitting testimony not offered by her, but by T. B. Dockery, no costs of the appeal should be taxed against her. We think that contention is sound, and that all the costs of the appeal should be paid by appellee T. B. Dockery; and for that reason the motion to retax the costs has been sustained.