## BAIN PEANUT CO. OF TEXAS v. PINSON et al. (No. 939–4735.)*

(Commission of Appeals of Texas, Section A. March 23, 1927.)

**1. Damages ⬅68—Interest is recoverable from date of breach of contract to date of judgment as item and part of damages sustained only.**

In a suit for breach of contract, interest from the date of breach to date of judgment is recoverable as an item and part of damages sustained only.

**2. Judgment ⬅256(7)—Interest from date of breach of contract to date of judgment cannot be added to verdict for damages.**

Judgment for interest, added to amount found by jury as damages for breach of contract from date of breach to date of judgment, cannot be sustained whether or not item of interest was included in verdict, including all specific items of damages for which plaintiffs were entitled to recover under pleadings.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Suit by Dave Pinson and another against the Bain Peanut Company of Texas. Judgment for plaintiffs was affirmed by the Court

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Judgment vacated on rehearing 294 S. W. 536.

of Civil Appeals (287 S. W. 87), and defendant brings error. Judgment of the Court of Civil Appeals reversed, and that of the district court reformed, and, as reformed, affirmed.

See, also, 273 S. W. 655.

Bryan, Stone, Wade & Agerton, Alfred M. Scott, and B. G. Mansell, all of Fort Worth, and Geo. E. Smith, of Comanche, for plaintiff in error.

Callaway & Callaway, of Comanche, for defendants in error.

BISHOP, J. The plaintiffs (defendants in error here) instituted this suit in the district court against defendant (plaintiff in error) to recover damages for breach of contract. The case was tried before a jury on special issues. The following issue on amount of damages was submitted and answered by the jury as indicated:

"What amount of damages, if any, do you find from a preponderance of the evidence that the plaintiffs have sustained by reason of the defendant's failure to perform said contract, if you do find they did so fail to perform said contract? Answer: 5,081.58."

In addition to this finding made by the jury, the court made and recited in the judgment a finding that the contract was breached on the 20th day of February, 1924, and that plaintiffs were entitled to recover 6 per cent. interest on the amount found by the jury from the date of the breach, and, on the 14th day of November, 1925, rendered judgment for plaintiffs for the sum of $5,081.58, together with 6 per cent. interest from the 20th day of February, 1924. This judgment was by the Court of Civil Appeals affirmed. 287 S. W. 87.

[1] In a suit for damages for breach of a contract, interest from the date of the breach to the date of judgment is recoverable as an item and part of the damages sustained only. Baker v. Smelser, 88 Texas 26, 29 S. W. 377, 33 L. R. A. 163; P. & N. T. Ry. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Ry. Co. v. Mathews, 108 Tex. 228, 191 S. W. 559.

[2] The verdict of the jury in this case purported to, and did, include all the specific items of damages for which the plaintiffs were entitled to recover under their pleadings. · If the item of interest was included in the plaintiffs' pleadings, their right to recover same was determined by the jury. If it was not so included, the trial court was not warranted in rendering judgment therefor. In neither event can a recovery for interest on the amount found by the jury from the date of the breach to the date of judgment be sustained. S. A. & A. P. Co. v. Addison, 96 Tex. 61, 70 S. W. 200; Norris v. Lancaster (Tex. Com. App.) 280 S. W. 574.

While there are thirty assignments of error contained in the application, none other than that raising the question here discussed presents an error which would require reversal or reformation of the judgment of the trial court.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court so reformed as to bear interest from its date instead of from the date of the breach of contract as found, and, as reformed, affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court reformed and affirmed, as recommended by the Commission of Appeals.