BAIN PEANUT CO. OF TEXAS v. PINSON et al.

(Motion No. 7568; No. 939–4735.)

Commission of Appeals of Texas, Section A. May 18, 1927.

1. Appeal and error ⬅️1170(7)—Error in admitting hearsay testimony that defendant had breached similar contract to that sued on held to require reversal (Court of Civil Appeals rule 62a).

In seller's action for breach of contract to purchase peanuts, error in admitting hearsay testimony of breach of similar contract by defendant held prejudicial and not within scope of Court of Civil Appeals rule 62a, which prevents reversal for errors occurring during trial, unless calculated to cause rendition of improper judgment or preventing proper presentation of case.

2. Appeal and error ⬅️1170(1)—Rule, preventing reversal for error not calculated to cause improper judgment, should not be construed to permit wrongful act prejudicing adversary (Court of Civil Appeals rule 62a).

Court of Civil Appeals rule 62a, preventing reversal for errors during trial not calculated to result in improper judgment or to prevent proper presentation of case, should not be construed to permit litigant to wrongfully prejudice adversary's rights and cast on adversary burden to show that harm resulted.

3. Appeal and error ⬅️1031(3)—It is presumed that harm resulted on admission of improper testimony in its nature calculated to prejudice.

Where improper testimony admitted is in its nature calculated to prejudice, appellate court must presume that harm resulted, unless contrary affirmatively appears from record; same rules of law being applicable, as in case of improper remarks of counsel or misconduct of jury.

4. Appeal and error ⬅️1170(1)—Rules promulgated by Supreme Court for Courts of Civil Appeals should not be construed to prevent reversal of judgments unfairly obtained.

Rules promulgated by Supreme Court for Courts of Civil Appeals should not be construed to require judgment obtained by unfair or prejudicial means to be left undisturbed.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

On motion for rehearing. Motion for rehearing granted, original opinion set aside, and judgment of district court and Court of Civil Appeals (287 S. W. 87) reversed, and cause remanded.

For original opinion, see 292 S. W. 203.

Bryan, Stone, Wade & Agerton, Alfred M. Scott, and B. G. Mansell, all of Fort Worth, and Geo. E. Smith, of Comanche, for plaintiff in error.

Callaway & Callaway, of Comanche, for defendants in error.

BISHOP, J. In our former opinion in this case we state that, while there are 30 assignments of error contained in the application, none, other than that raising the question discussed therein, presents an error which would require reversal of the judgment of the trial court. 292 S. W. 203. We are now of opinion that one of the assignments does present reversible error.

[1-4] On trial the district court, over objection, permitted one of the plaintiffs to testify that he told one of defendant's agents that a Mr. Smith had stated to him that de-

fendant had breached a similar contract which it had with another person and "broke" him. The Court of Civil Appeals held that the admission of this testimony was error, but that under rule 62a promulgated by the Supreme Court reversal for this error is forbidden. This testimony was in its nature prejudicial. Its effect was to impeach the business integrity of defendant. That it was calculated to prejudice there can be no doubt. Rule 62a was not promulgated for the purpose of permitting a litigant to wrongfully prejudice the rights of his adversary and profit by his wrongful act by casting upon such adversary the burden of showing that harm resulted, and should not be construed as having this effect. Where improper testimony in its nature calculated to prejudice is permitted, the appellate court must presume that harm resulted therefrom, unless it affirmatively appears from the record that it did not. The same rule of law applies to the introduction of improper evidence over objection as is applicable to improper remarks of counsel in argument or misconduct of the jury. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Britain v. Rice (Tex. Civ. App.) 183 S. W. 84. The rules promulgated by the Supreme Court should not be construed to require that a judgment obtained by unfair prejudicial means should stand. Fairness is essential in all trials in the courts and no rule can interfere with the right of a litigant to a fair and impartial trial. The error of the court in permitting this testimony was not harmless.

We, therefore recommend that the motion of plaintiff in error for a rehearing be granted; that the judgment heretofore rendered be set aside; and that the judgment of both courts be reversed, and the cause remanded to the district court.

GREENWOOD and PIERSON, JJ. On rehearing, former judgment set aside, and judgments of the district court and Court of Civil Appeals reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.