lor v. Wilson, 99 Tex. 651, 93 S. W. 109; Evans v. American Publishing Co. et al., 118 Tex. 433, 13 S.W.(2d) 358; Pearson v. West, 97 Tex. 238, 77 S. W. 944; Pittsburgh Heater Co. v. Sullivan, 115 Tex. 417, 282 S. W. 576; Brown v. Boulden, 18 Tex. 432; Funk v. Walker (Tex. Civ. App.) 241 S. W. 720; Bolton v. Alley (Tex. Civ. App.) 25 S.W.(2d) 638; Burns v. Napier (Tex. Civ. App.) 19 S.W.(2d) 578.

Subdivision 25 of article 1995 provides that suits against railroad corporations for damages arising from personal injuries "shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury."

In construing the language contained in subdivision 25 of the Venue Statute, the courts have held that an action may be brought in the county of plaintiff's permanent residence, although temporarily residing elsewhere. G. C. & S. F. Ry. Co. v. Overton (Tex. Civ. App.) 107 S. W. 71; I. & G. N. Ry. Co. v. Elder, 44 Tex. Civ. App. 605, 99 S. W. 856.

The Supreme Court in the Overton Case, supra, granted a writ of error and reversed the opinion of the Court of Civil Appeals upon other issues, but did not disturb the holding of the Court of Civil Appeals with reference to the venue of the suit. 101 Tex. 583, 110 S. W. 736, 19 L. R. A. (N. S.) 500.

It is undisputed that the appellee is holding office for a limited term on the Board of Control which calls for his principal duties to be performed at Austin. He and his wife boarded at a hotel in Austin, but retained his home furnished at Temple in Bell county and claimed it as his home ever since he left that county and intended to return and take possession of his home just as soon as the term of his office expires.

The publication of a libelous matter is a direct thrust at a person's reputation for honesty, integrity, or virtue. The law has provided a remedy for such an offense, if, committed. Naturally, a person against whom such a libelous matter is published, should be permitted to file and maintain his suit in a forum in the county where he resides and is known best. We do not think it was the intention of the Legislature in defining venue in a case of this character to compel a citizen, who might be temporarily serving the state by holding some office at Washington, D. C., or at Austin, to litigate his rights in a county where he is a stranger or unknown. Nor do we think the fact that in the discharge of his duties he is called away from his domicile can affect the question. On the contrary, we think it the policy of this state, in a case of this kind, to permit citizens to litigate their rights in the county where they vote, pay taxes, and have their residence among the people who know them best, who know their character and standing for honesty, integrity, virtue, and fair dealing. We do not believe that it was the purpose or intention of the Legislature to destroy this right and a construction of subdivision 29 does not sustain that contention.

That the conclusions stated above reflect the public policy of this state is fully shown in the language used in section 9, article 16, of the Constitution of Texas, which reads as follows: "Absence on business of the state, or of the United States, shall not forfeit a residence once obtained, so as to deprive any one of the right of suffrage, or of being elected or appointed to any office, under the exceptions contained in this constitution."

We therefore recommend that the foregoing question be answered, "No."

CURETON, C. J.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

## FLOYD v. FIDELITY UNION CASUALTY CO. et al.

### Motion No. 9013; No. 1135—5417.

Commission of Appeals of Texas, Section B.
June 24, 1931.

For former opinion, see 24 S.W.(2d) 363.

White & Yarborough, of Dallas, for plaintiff in error.

Collins & Houston, of Dallas, and Martin & Oneal, of Wichita Falls, for defendants in error.

RYAN, J.

It is insisted that bill of exceptions to the argument of counsel should not be considered, because:

First. It does not negative two facts, viz., that the argument is upon the evidence, and that the argument is in reply to the argument of opposing counsel.

Second. It is not clearly shown that the argument was calculated to prejudice the rights of the complaining party.

We are cited to Kansas City, M. & O. Ry. Co. v. West (Tex. Civ. App.) 149 S. W. 206; Pecos & N. T. Ry. Co. v. Suitor (Tex. Civ. App.) 153 S. W. 185; Travelers' Ins. Co. v. Peters (Tex. Civ. App.) 3 S.W.(2d) 568; Oilbelt Motor Co. v. Hinton (Tex. Civ. App.) 11 S.W.(2d) 338; and Schroeder v. Rosenbaum (Tex. Civ. App.) 21 S.W.(2d) 694, which are authority for the propositions contended for, that a bill of exceptions complaining of improper argument is fatally defective unless it negatives the idea that such argument was called forth either by the evidence or in response to argument by opposing counsel.

As pointed out by Chief Justice Pannill in Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169, the propositions above cited and the rule announced in those cases have been modified by the decisions in Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Wichita Valley Ry. Co. v. Williams, 116 Tex. 253, 288 S. W. 425; and Bain Peanut Co. v. Pinson (Tex. Com. App.) 294 S. W. 536, and the burden is no longer on an appellant to show that an error calculated to prejudice his rights did in fact have that effect, but that when such error is shown, either in an instruction to the jury, the admission of testimony, or in argument, a reversal will follow, if there is any reasonable doubt of its harmful effect, and whether there is such a reasonable doubt, is a question of law and not one of fact.

Contrary to the authorities cited by defendants in error, in support of their contention that the bill of exceptions should not be considered, because it does not affirmatively state that the argument complained of was not upon the evidence, and not in reply to the argument of opposing counsel, and not shown that it was calculated to prejudice the rights of the complaining party, the rule is now settled, in this state, that where improper argument has been indulged in, the adverse complaining party is entitled to reversal of the judgment, if under all the circumstances there is any reasonable doubt of its harmful effect, or unless it affirmatively appears no prejudice resulted. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Behringer v. South Plains Coaches (Tex. Com. App.) 13 S.W.(2d) 334; Hubb Diggs Co. v. Bell, 116 Tex. 427, 293 S. W. 808; Hull v. Christian (Tex. Civ. App.) 283 S. W. 568; Missouri-Kansas-Texas Ry. Co. v. Thomason (Tex. Civ. App.) 3 S.W.(2d) 106, 107; McMahan v. City of Abilene (Tex. Civ. App.) 8 S.W.(2d) 554; Davis v. Hill (Tex. Com. App.) 298 S. W. 526; Houston & T. C. Ry. v. Gray, 105 Tex. 42, 143 S. W. 606; Western Union Telegraph Co. v. Perry, 95 Tex. 648, 69 S. W. 131; St. Louis S. W. Ry. v. Boyd, 40 Tex. Civ. App. 93, 88 S. W. 509; Chicago, R. I. & T. Ry. v. Langston, 92 Tex. 709, 50 S. W. 574, 51 S. W. 331.

As said by Judge Bishop in Bain Peanut Co. v. Pinson, supra, a litigant may not wrongfully prejudice the rights of his adversary and profit by his wrongful act by casting upon such adversary the burden of showing that harm has resulted.

The statute prescribes no particular form of words in a bill of exceptions, only that the objection shall be stated with such circumstances, or so much of the evidence as may be necessary to explain, and no more, the whole, as briefly as possible. Article 2237, Rev. Stat. 1925. The reviewing court passes upon the bill as approved by the trial judge, and where error appears therefrom, harmful effect will be presumed and the judgment reversed, unless it affirmatively appears otherwise.

The trial judge must be held to have knowledge of the circumstances causing the bill, and that may render it harmless and should qualify it accordingly. The presumption should be indulged that he did his duty in approving the bill, and that there was no modifying or justifying explanation to be made, other than as stated therein.

The trial judge does not, in the bill of exceptions, certify that the argument complained of was in answer to the argument of opposing counsel; his qualification of the bill is to the effect that counsel for Frankie Floyd stated that Mr. Yarborough (counsel for Willie Floyd) asked the jury: "What do you reckon Frankie Floyd is accusing a white woman of something? * * * I said it is not fair to this negro woman, Frankie Floyd, for them to insinuate to the jury with reference to anything that happened in the life of Frankie Floyd and Andrew Floyd and then insinuate there is no truth in it. They have got a right to ask those things. It is a treatment of Frankie Floyd that is just." This is far short of an affirmative statement by the court that the language was in reply to opposing counsel's argument, and is only a statement by Mr. Martin in continuation of his argument.

We adhere to what we said in our original opinion on the subject.

The defendant in error, appellee in the Court of Civil Appeals, presented certain cross-assignments of error to be considered should that court have reversed the judgment of the trial court. The Court of Civil Appeals affirmed the trial court [13 S.W.(2d) 909], and it was therefore unnecessary for it to consider and pass on such cross-assignments of error.

The Supreme Court, having granted writ of error, reversed the judgment of the Court of Civil Appeals and of the trial court on recommendation of this section of the Commission of Appeals, and remanded the cause to the district court for further trial.

Such cross-assignments of error relate to the admissibility and nonadmissibility of certain testimony, and defendants in error insist that they be passed upon.

Said cross-assignments complain of the trial court's action in refusing to permit one John Teel to testify that in 1917 he and Willie Floyd (plaintiff below) lived together as man and wife, in Frederick, Okl., and in refusing to permit in evidence a picture and certain letters sent by a white woman to the deceased, Andrew Floyd, evidencing an illicit intimacy between them.

The proposed testimony of John Teel would have no bearing on the issues involved in this case. It was affirmatively proven that Willie Floyd was married to the deceased in 1925, according to the laws of Oklahoma, and lived with him until his death. If this marriage was illegal, it was because he had been previously married to Frankie in 1900 according to the laws of Alabama, and never divorced from her.

At most, the effect of the testimony, if admitted, would be an attempted impeachment of Willie's testimony, on a collateral matter, having no material relevancy to the issues in the case, as made by the pleadings. Johnson v. Richardson, 52 Tex. 481; Noel v. Denman, 76 Tex. 306, 13 S. W. 318; Missouri, K. & T. Ry. v. Moore, 24 Tex. Civ. App. 489, 59 S. W. 282.

As to the picture and letters from the white woman to the deceased, it suffices to say that Frankie Floyd had testified (and this was uncontradicted) that the reason her husband, Andrew, left in October, 1917, was because "he got in trouble with a white woman" who was then in jail and the police "came looking for him." The object of this was to explain Andrew's absence at different times and to show that "he had not abandoned Frankie, without good cause, for a period of three years prior to his death."

The fact, therefore, that Andrew Floyd had an affair with a white woman, and left home on account thereof, was already before the jury and the excluded testimony bore only on the degree of intimacy, if any, between them.

The point sought to be made was that Andrew left because of fear—the result of his intimacy with a white woman, not of the degree of that intimacy.

The fact of his leaving, and the alleged cause thereof, was in evidence, and it would have been improper to have injected into the case sordid details to distract that attention of the jury which should be concentrated on vital points, and could only have the effect of wasting the time of the court. The court should refuse to permit its introduction, particularly when the testimony challenged as irrelevant is such as to arouse the sympathy of the jurors or is calculated to create prejudice—the point sought to be proved having already been established—and is offered as being merely corroborative. Stallings v. Hullum, 79 Tex. 421, 15 S. W. 677; 2 Jones, Evidence (2d Ed.) § 588; 22 C. J. p. 169.

We think the evidence in question was properly excluded by the trial court.

We recommend that the motion for rehearing be overruled.