## HOLT et ux. v. INTERNATIONAL–GREAT NORTHERN R. CO. et al.

### No. 5781.

Court of Civil Appeals of Texas. Texarkana.

April 17, 1941.

James S. Grisham, of Tyler, and Grisham & Grisham, of Eastland, for appellants.

Sewell, Taylor, Morris & Connally, Andrews, Kelley, Kurth & Campbell, Walton D. Taylor, and Ben G. Sewell, all of Houston, and Alex. Pope, of Tyler, for appellees.

WILLIAMS, Justice.

In this suit appellants, W. S. Holt and wife, against the International-Great Northern Railroad and its trustee, they were denied a recovery wherein they sought damages for the death of their son, W. S. Holt, Jr., approximately twelve years of age. Appellants alleged:

"* * * that farmers would bring said tomatoes to said point from their farms and there * * * prepare same for shipment * * * after which they would load same into the cars furnished by said Defendants for transportation to market. In carrying on said work of preparing said tomatoes for transportation, a number of * * * children were employed who placed said tomatoes in containers and moved them from sheds into cars furnished by said Defendants. * * *

"On the 18th day of June 1936, Plaintiffs' child, W. S. Holt, Jr., was so engaged with a number of other boys. * * *

"During an intermission on the date aforesaid and after the partial loading of a car had been accomplished, Plaintiffs' son was attracted by a freight car which was set or located by the Defendants on a siding or switch line in close proximity to the loading sheds in question. The doors of said car were open and it was of similar construction and appearance to the one in which Plaintiffs' son had been working. Plaintiffs' son and another small boy were attracted, enticed and lured by the open car in question and each of the said boys entered the said car for amusement and play. * * *

"The box car which they had entered had been located at said point for several hours. * * *

"In this connection Plaintiffs would further show that while the two boys in question were playing in the open car, the Defendants, * * * shunted or threw a flying switch and/or string of three box cars in the direction of said car and the same came noiselessly upon and against the said box car in which the children were playing; * * * without sounding of engine whistle or ringing of engine bell and without any warning and crashed into said box car with such violence and impact as

to hurl a swinging or rolling door or some portion of the said car upon and against W. S. Holt, Jr., thereby crushing his head, which resulted in his immediate death.

"Just prior to the impact and almost simultaneously with it, one of the boys made his escape from said box car but Plaintiffs' child, while making a quick effort to effect an exit through the doorway was trapped. The door or shutter of said car apparently crashed against his head, * * *."

Appellees answered with a general demurrer, general denial and with plea of contributory negligence on the part of the parents. And answering further, pleaded: "* * * these defendants say that if the said W. S. Holt, Jr., was injured in the manner and form set out in the said petition, which is not admitted but denied, then they allege that his said injuries and resulting death were caused by the negligence and contributory negligence of the said W. S. Holt, Jr., which proximately caused or contributed to cause his said injuries and resulting death."

The jury found that defendants did not run a flying switch against the box car in which Holt, Jr., was located, and did not fail to ring the engine bell just prior to and at the time of the impact. The jury found that defendants failed to sound the engine whistle just prior to the accident; failed to keep a look-out for the safety of Holt, Jr.; failed to discover Holt, Jr., on the occasion in question; failed to "keep closed the car in which Holt, Jr., was located at the time of the accident"; and failed to securely fasten the doors of the car to prevent the sliding of same during switch operations. Each of the foregoing was found not to be negligence. The jury answered that there was no "implied invitation" by defendants to Holt, Jr., to enter the box car in question, and further found that he was not a trespasser. The jury did find that defendants on the occasion in question "threw a string of detached box cars against the car in which Holt, Jr., was located at the time of the accident"; and that they "failed to accompany the box cars which collided with the car in which Holt, Jr., was situated by their engine attached thereto"; and each was negligence and a proximate cause of the death of Holt. Damages in the sum of $8,000 was assessed.

The jury was instructed: "Contributory negligence, as that term is used in this charge, means such an act or omission on the part of the plaintiff, W. S. Holt or Mrs. W. S. Holt or their son, W. S. Holt, Jr., considering the age and intelligence of the son at the time of the injury, amounting to a want of ordinary care as concurring or cooperating with some negligent act or omission, if any, of the defendants, as a proximate or proximately contributing cause of the injury." The jury exonerated Holt, Sr., and wife of contributory negligence. Their further findings bearing upon contributory negligence of the deceased are:

"No. 35: Do you find, from a preponderance of the evidence, that W. S. Holt, Jr., did not have discretion sufficient to enable him to avoid danger or dangerous places? Answer 'He did not have' or 'He did have.'"

Answer: "He did have."

"No. 37: Do you find, from a preponderance of the evidence, that W. S. Holt, Jr., was negligent in being in the standing freight car in question? Answer 'He was' or 'He was not', as you find the facts to be."

Answer: "He was."

"No. 38: Do you find, from a preponderance of the evidence, that such negligence, if any, proximately caused the death of W. S. Holt, Jr.? Answer 'Yes' or 'No', as you find the facts to be."

Answer: "Yes."

"No. 39: Do you find, from a preponderance of the evidence, that the act of W. S. Holt, Jr., in entering the box car in question constituted contributory negligence on his part, as that term has been defined herein? Answer 'Yes' or 'No.'"

Answer: "Yes."

"No. 40: Do you find, from a preponderance of the evidence, that W. S. Holt, Jr., as he entered the standing freight car on the occasion in question, failed to exercise such care for his own protection and safety as an ordinarily prudent person of his age and intelligence would have exercised under the same or similar circumstances? Answer 'He did so fail,' or answer 'He did not so fail', as you find the facts to be."

Answer: "He did not so fail."

The pertinent portion of the judgment entered reads:

"Defendants * * * having duly filed their motion for judgment upon the verdict

of the jury, and it appearing to the court that the jury by its verdict, consisting of its answers to the various special issues submitted to it, has found that W. S. Holt, Jr., had discretion sufficient to enable him to avoid danger or dangerous places, and that he was negligent in being in the standing freight car in question, and that such negligence was a proximate cause of his death, and further that the act of W. S. Holt, Jr., in entering the box car in question constituted contributory negligence on his part, as the term 'contributory negligence' was defined in the court's charge, * * *.

"and the court being of the opinion from the pleadings, the evidence, its findings upon the undisputed evidence, the agreements and stipulation of the parties, and the answers of the jury to the special issues submitted to it, said motion for judgment should be granted and sustained, and the same is hereby granted and sustained."

The above-mentioned "agreements and stipulation of the parties" are not disclosed in the record. A motion to declare a mistrial or for new trial was not filed. Appellants have appealed without a statement of facts.

■■■ Appellants' sole proposition presented as "fundamental error" or "error apparent on the face of the record," reads: "As the answer of the jury to special issue No. 40 was in direct conflict with the answers of the jury to special issues No. 37 and No. 39, so that said contradictory findings mutually destroyed each other, the court erred in rendering judgment for the defendants based upon the findings of the jury in answers to said special issues No. 37 and 39."

These issues are each referable to contributory negligence, and if each inquiry is about the same act, then the findings would apparently be in irreconcilable conflict. Appellants assert that the findings to Nos. 37 and 39 "are one and the same," and are negatived by the finding to issue No. 40. Appellees reply: "Let us assume that the inquiries made in special issues Nos. 37 and 39 are one and the same." "The jury then has found he was guilty of contributory negligence in being in the standing freight car; that is, the fact that he got into the freight car in the first place was negligence—not the manner in which he got into the car, but simply the fact that he chose to get into the car, and did get in

it, was negligence." "The inquiry embraced in No. 40 is as to the manner in which he undertook to enter the standing freight car, that is, as he went from the place where he had previously been to the freight car he was in at the time of the accident." In view of appellants' allegations that Holt, Jr., had entered and was playing in the box car at the time he was hurt, appellees further assert that the inquiry involved in No. 40 as to how deceased entered was not an ultimate issue. And if No. 39 relates to the manner of entry, it likewise becomes an immaterial issue in view of appellants' pleadings. It is further urged that if issues Nos. 39 and 40 relate to the same act, and the finding to No. 37 that he was negligent in being in the car at the time relates to another act, then under the holding in Aranda v. Texas & N. O. Ry. Co., Tex.Civ.App., 140 S.W.2d 236, and authorities there cited, the alleged conflict in the findings to Nos. 39 and 40 becomes immaterial as there would remain one finding not in conflict to support the judgment.

"The rule is that courts will reconcile apparent conflicts in the answers of the jury to special issues if it can be reasonably done in the light of the pleadings and the evidence." Yarbrough v. Dallas Ry. & Terminal Co., Tex.Com.App., 97 S.W.2d 169, 170; Texas Indemnity Ins. Co. v. Bridges, Tex.Civ.App., 52 S.W.2d 1075. And the issues, "if, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which he deems proper." First National Bank of Amarillo v. Rush, Tex.Com.App., 246 S.W. 349, 353. The trial court had the benefit of all the evidence introduced in the trial. That court was in a position to view the verdict in the light of the evidence so presented. It is to be presumed that in so weighing these findings that he followed above rules of construction as announced by our appellate courts. Without the aid of a statement of facts with which this court could view the verdict in the light of the evidence presented upon the trial of the case, we would not be warranted in holding that the trial court has erred. Such a conclusion, without benefit of the evidence, could only be reached by dealing in surmise or speculation. Error apparent on the face of record has not been shown.

The judgment is affirmed.