### HOGG v. SMITH et al.
No. 5842.

Court of Civil Appeals of Texas. Texarkana.

Oct. 23, 1941.

Rehearing Denied Nov. 6, 1941.

Wm. V. Brown, of Texarkana, for appellant.

Herbert Line, of Texarkana, for appellees.

WILLIAMS, Justice.

In this suit filed by appellant, Matt Hogg, against appellees, J. W. and Joe Smith, plaintiff, in his second amended original petition upon which he went to trial, alleged in statutory form, Article 7366, a trespass to try title action, and pleaded specifically title under the 3, 5, and 10 years' statutes of limitation, Articles 5507, 5509, 5510, R.C.S. Plaintiff· further alleged "that on July 28, 1917, he purchased the land in controversy from E. H. Smith and immediately moved thereon and since said date has peacefully resided on the tract; that he had paid all the purchase money agreed to be paid" and "had paid all purchase money notes due and owing on said land"; that he and his wife "have not sold, mortgaged or conveyed the same to anyone." He further alleged "that the defendants have filed a deed with the Clerk of this Court, dated July 7, 1928, purporting to convey the land in controversy, said deed purporting to be. from this plaintiff and his wife, to the defendant J. W. Smith, and recorded in Vol. 129, page 6 of the Deed Records of Bowie County, and denies that either plaintiff or defendant executed said deed. * * * That he understands, * * * that the defendants are claiming to have and hold an alleged renewal and extension of vendor's lien notes, and a note or notes which purport to have been executed by this plaintiff," and if so, "such papers each and all are forgeries, and were not executed by this plaintiff"; and that the execution of the deed and renewal of the vendor's lien notes, if same in fact had been executed, was obtained through misrepresentations practiced on plaintiff by defendants. The alleged acts of misrepresentation will not be detailed, as no issue was requested or submitted on same. In his prayer for relief, he prayed for title and possession and for removal of cloud from title by reason of the existence of above alleged deed and renewal of vendor's lien notes. This petition was verified. Defendants answered generally, specifically pleaded title under the 3, 5 and 10 years' statutes of limitation, and prayed for title and possession.

In response to special issues Nos. 1 to 4, the jury found that plaintiff and his wife each executed and acknowledged before O. B. Akin, a notary public, the deed introduced in evidence purporting to be from Matt Hogg and wife, Isabelle, to J. W. Smith, dated July 7, 1928; and to No. 5, that on said date "a sum of money was due J. W. Smith on the vendor's lien notes executed by Matt Hogg." The other issues submitted and findings thereon are as follows:

No. 6. "Do you find from a preponderance of the evidence that Matt Hogg, after July 7, 1928, set up a claim to said land adverse to that of J. W. Smith?" Answer: "No."

No. 7. "Do you find from a preponderance of the evidence that J. W. Smith had

notice of an adverse possession, if any, by the said Matt Hogg, for as much as ten years before the filing of this suit?" Answer: "No."

No. 8. "Do you find from a preponderance of the evidence that Matt Hogg claimed said land adversely to said J. W. Smith for as much as ten years before the filing of this suit?" Answer: "Yes."

No. 9. "Do you find from a preponderance of the evidence that Matt Hogg agreed with J. W. Smith to live upon said land free of rent, with the payment of taxes by him, the said Matt Hogg?" Answer: "Yes."

The decree entered, after detailing above issues and findings, recites, "Thereafter came on to be heard defendants' motion for judgment on the findings of the jury and the court after hearing said motion being of the opinion that judgment should be rendered for defendants and against the plaintiff," and then proceeds to deny plaintiff a recovery and to award title and possession to defendants.

■ Appellant asserts that the jury findings Nos. 6, 8, and 9 were on ultimate or material issues; that finding No. 8 is in irreconcilable conflict with Nos. 6 and 9; and that in the absence of a compliance with the requisites of Article 2211, R. C. S. Vernon's Ann.Civ.St. art. 2211, the trial court was without legal authority to enter judgment for either party and should have declared a mistrial. This is the sole question presented in this appeal. No statement of facts has been filed. Without the benefit of the evidence had in the trial, this court is relegated to the transcript in a consideration of the question here presented. This record does not include defendants' motion to enter judgment, nor does it reflect the filing of a motion to enter judgment non obstante veredicto.

■ The affirmative finding to issue No. 8, if standing alone, or such finding with answers in the affirmative to No. 6 and in the negative to No. 9, if they had been so found by the jury, would not support a judgment for plaintiff grounded upon any limitation title pleaded by him. A negative finding to No. 8 with answers in the affirmative to Nos. 6 and 9 likewise would not support a judgment for defendants grounded upon any limitation title. No definition of any legal term used in issues Nos. 6, 8 and 9 was requested or given in the charge to the jury. None of such issues embraced the elements required under Articles 5507, 5509 and 5510, supra, and hence were not ultimate or material issues on any limitation title pleaded by either party.

■ It is to be noted in plaintiff's pleadings that he there alleged that defendant J. W. Smith had theretofore filed in the papers of this cause a deed dated July 7, 1928, then of record in the Bowie County Deed Records, and further alleged this deed purports to have been executed by plaintiff and his wife and purports to convey from plaintiff and his wife to defendant J. W. Smith the land in controversy. After making these allegations, he then in his verified pleadings alleges that this deed was a forgery. Upon this issue the jury found that plaintiff and his wife did execute and acknowledge the deed and against plaintiff's claim that the deed was a forgery. Hence the findings Nos. 1 to 4 support the judgment rendered; that is, the deed of July 7, 1928, conveyed the title to the land in controversy to defendant J. W. Smith. If issues Nos. 6, 8 and 9 relate to conduct and intent after the execution of the deed in 1928, they were evidentiary in character. Such findings, jointly or severally, if in conflict, and if standing alone or if considered in connection with Nos. 1 to 4, inclusive, would not destroy the findings that the deed was duly signed and acknowledged by plaintiff and his wife.

■ In view of the foregoing conclusions that issues Nos. 6, 7 and 9 were not ultimate or material issues and that the judgment finds support in the answers to Nos. 1 to 4, inclusive, this court would not be warranted in holding that because no motion to enter judgment non obstante veredicto was made, the court erred in rendering judgment for defendants. Miller v. Lemm, Tex.Com.App., 276 S.W. 211; McElwrath v. City of McGregor, Tex.Civ. App., 58 S.W.2d 851; Millers' Indemnity v. Schrieber, Tex.Civ.App., 240 S.W. 963; Thomas v. Gulf Banana Dispatch Co., Tex. Civ.App., 26 S.W.2d 665; Big Six Oil Co. v. West, Tex.Civ.App., 136 S.W.2d 950; Holt v. I. G. N. Ry. Co., Tex.Civ.App., 152 S.W.2d 472; 25 T.J. pp. 490, 492; 41 T.J. p. 1235, Sec. 368; 3 T.J. p 1036, Sec. 734.

The judgment is affirmed.