**T. A. MANNING & SONS, INC., et al.,**
**Appellants,**

v.

**KEN–TEX OIL CORPORATION et al.,**
**Appellees.**

**No. 11525.**

Court of Civil Appeals of Texas.

Austin.

June 28, 1967.

Rehearing Denied Sept. 13, 1967.

Henry Klepak, Roy J. True, Dallas, for appellants.

Clark, Thomas, Harris, Denius & Winters, Donald S. Thomas, Roderick Edens, Jr., Austin, for appellees.

PHILLIPS, Chief Justice.

This action was brought in the trial court by the Court-appointed receiver of Lumbermen's Insurance Corporation. Subsequently a Petition in Intervention was filed in behalf of five parties[1] seeking to intervene as plaintiffs. The Court-appointed receiver, the original plaintiff, is not a party to this appeal.

The intervenors, appellees here, sought to recover a money judgment against thirteen named defendants, jointly and severally, as damages arising out of alleged grounds of fraud, misrepresentation, breach of contract and conspiracy in wrongfully extracting a sum of money in excess of $969,000 from Lumbermen's Insurance Corporation.

The trial of this cause extended over a period of approximately thirteen weeks. Prior to submission of the charge to the jury, four of the thirteen named defendants were dismissed from the lawsuit on motions filed in their behalf.

Appellants, T. A. Manning & Sons, J. D. Owens and his wife Lelia H. Owens, three of the defendants below, have appealed from the ruling of the trial court awarding appellees a money judgment against them.

We affirm.

Appellants are before this Court on five points of error, the first three, briefed together are: the error of the trial court in awarding judgment for appellees against appellant J. D. Owens for the reason that the jury finding to special issue No. 1 was in irreconcilable conflict with the trial court's ruling and findings on special issues Nos. 1A, 1B and 1C; in awarding judgment against the appellant J. D. Owens, for the reason that such judgment does not conform to the jury verdict in contravention of Rule 301, Texas Rules of Civil Procedure; in awarding judgment for appellees against Appellant J. D. Owens for the reason that the jury finding to special issue No. 1 is totally without support in the evidence or is supported by no evidence.

We overrule these points.

No statement of facts was brought up on this appeal.

Special issue No. 1 inquired as to whether certain of the defendants in the case entered into a conspiracy with the defendant James D. Owens to misappropriate funds of Lumbermen's Insurance Corporation. The jury was then instructed that if they answered yes to this issue then they should find whether the defendant Lew C. Sayers (special issue No. 1A) was a party to the conspiracy; whether defendant B. J. Ready (special issue No. 1B) was a party to the conspiracy; whether defendant J. Allen Rhodes (special issue No. 1C) was a party to the conspiracy.

1. These were: Ken-Tex Oil Corporation, Investments, Inc., Southwestern Fire & Casualty Co., Kenneth Murchison & Co. and Murchison Trusts.

The jury answered each of these issues in the affirmative, however the trial court, on proper motions, found that there was no evidence to support the jury findings in regard to sub-issues numbers 1A, 1B and 1C, disregarded them and entered judgment in favor of Sayers, Ready and Rhodes. However, the court entered judgment against Owens as described above.

Appellants contend that notwithstanding his motion Non Obstante Veredicto, judgment was entered over the objection of counsel for Owens, the objection being based principally on the grounds of the court's ruling on "no evidence" to support the jury findings as to sub-special issues 1A, 1B and 1C was in irreconcilable conflict with the jury's findings on special issues Nos. 1 and 2[2] and that such judgment would be contrary to Rule 301,[3] Texas Rules of Civil Procedure.

We cannot agree with this contention.

■ It is well settled that the trial court can ignore the answer to immaterial issues and render a judgment and such judgment will not be rendered non obstante veredicto. Thomas v. Gulf Banana Dispatch Co., 26 S.W.2d 665 (Tex.Civ.App. Amarillo 1930, writ dism'd w. o. j.); Hogg v. Smith, 157 S.W.2d 165, (Tex.Civ.App., Texarkana 1941, writ ref'd w. o. m.). It is only when the issue is material that the judgment must conform to the finding. Massie v. Hutcheson, 270 S.W. 544 (Tex. Comm'n App. 1925).

■ There is no need for this Court to pass on the adequacy of the court's ruling as to conspiracy when the pleadings of appellees additionally alleged breach of contract and fraud and misrepresentation. Special issues should not be submitted where the facts in question are conclusively established, Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627 (1926); Benefit Ass'n of Ry. Employees v. O'Gorman, 195 S.W.2d 215 (Tex.Civ. App. Fort Worth 1946, writ ref'd n. r. e.). On appeal there is a rebuttable presumption that omitted special issues were established as a matter of law. Livezey v. Putnam Supply Co., 30 S.W.2d 902 (Tex.Civ. App. Eastland 1930, writ ref'd).

Furthermore, appellants must show that the evidence raised, but did not conclusively establish, the omitted issues. City of Dublin v. Hicks, 120 S.W.2d 872 (Tex.Civ.App. Eastland 1938, no writ).

The burden of appellants here is insurmountable as no statement of facts was filed in this cause. Thus, they are prevented on appeal from discharging their burden of overcoming the presumptions regarding evidence in support of the judgment. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600 (1953).

■ The judgment of the trial court was based upon the verdict insofar as issues regarding damages to appellees were concerned, but the particular theory or theories of recovery were, as recited by the court, based on additional "findings as were

2. Special Issue No. 2 inquired as to whether the funds of Lumbermen's were misappropriated pursuant to the conspiracy, inquired about in special issue No. 1 (if any conspiracy had been found).

3. "Rule 301. Judgments
The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law. Judgment may, in a proper case, be given for or against one or more of several plaintiffs, and for or against one or more of several defendants or intervenors."

authorized by law." It is neither necessary nor appropriate for the appellees to request, or the trial court to make, specific findings of fact or conclusions of law, since a jury heard this cause. Ditto v. Ditto Investment Co., 158 Tex. 104, 309 S.W.2d 219 (1958).

Appellants' fourth and fifth points of error, briefed together, are the error of the trial court in awarding judgment for appellees against appellant, Lelia H. Owens, for the reason that said judgment does not conform to the jury verdict and that such ground of recovery against the appellant, Lelia H. Owens, was waived by the appellees; in awarding judgment against the appellant T. A. Manning and Sons, Inc. for the reason that said judgment does not conform to the jury verdict and that such ground of recovery against the appellant T. A. Manning & Sons, Inc. was waived by the appellees.

We overrule these points.

Here appellants contend that appellees have failed to request submission of a special issue inquiring as to whether Lelia H. Owens or T. A. Manning & Sons, Inc. were parties to the conspiracy alleged by appellees, that the court failed to submit such controlling issues, that said inquiries were independent grounds of recovery against these parties, and, therefore should have been deemed as waived.

 We cannot agree with appellants here. Rule 279, T.R.C.P. reads, in part, as follows: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; * * *." Irrespective of the fact that no issue was given or requested upon independent grounds or recovery against appellants Lelia H. Owens and T. A. Manning & Sons, Inc., appellants must show the court that such grounds of recovery, alleged in appellees' pleadings, were not conclusively established by the evidence. Appellants cannot do this because there is no statement of facts filed herein. Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65; Tex.Civ.App., 214 S.W.2d 826 (1948); Continental National Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928 (1948). While a judgment, in the absence of the evidence upon which it was rendered, will be sustained by presumption, it will never be rendered invalid by presumption. Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549 (1946).

The judgment of the trial court is affirmed.

Affirmed.