**Russell TUNNELL, Appellant,**

v.

**Johnny D. PRIOR, Appellee.**

**No. 8174.**

Court of Civil Appeals of Texas, Texarkana.

May 1, 1973.

R. L. Whitehead, Sr., Longview, for appellant.

Jack N. Price, Price, Fisher, Hill, Patton & McLemore, Longview, for appellee.

RAY, Justice.

This is an action for overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C.A. Secs. 201–219. Appellee, Johnny D. Prior, brought suit against Russell Tunnell, Appellant (Defendant), for back wages and overtime, plus penalty and

**238**

attorneys' fees. Appellant filed a general denial. Trial was had to a jury and, based upon the jury's verdict, the trial court entered judgment for Appellee Johnny D. Prior in the sum of $4,606.25. Appellant Tunnell has timely filed his appeal and presents one point of error for this court's consideration.

The sole question presented for review is whether the trial court was authorized to enter its judgment in favor of Appellee in the absence of a submission to the jury of an issue as to whether or not Appellant was engaged in interstate commerce or the production of goods for interstate commerce.

■ The rule is that an employee must show by a preponderance of the evidence that his employer was engaged in interstate commerce or the production of goods for interstate commerce during the period of time for which he sues in order for him to recover under the Act. 29 U.S.C.A. Sec. 203; Blakeley v. Fresno Oil Co., Inc., 208 S.W.2d 902 (Tex.Civ.App. Fort Worth 1948, no writ).

■■ The Appellant has not submitted a statement of facts to this court. Under Rule 279, Texas Rules of Civil Procedure, there is a rebuttable presumption that omitted special issues are established as a matter of law, and the burden is on the Appellant to show that the evidence raised, but did not conclusively establish, the omitted issues. Where no statement of facts is filed in the appellate court, the burden on Appellant is insurmountable and Appellant is thus prevented on appeal from discharging his burden of overcoming the presumption regarding evidence in support of the judgment. T. A. Manning & Sons, Inc. v. Ken-Tex Oil Corporation, 418 S.W.2d 324 (Tex.Civ.App. Austin 1967, writ ref'd, n.r. e.).

In the commentary following Rule 279, Vernon's Annotated Rules of Civil Procedure, at page 8 there appears a portion of the lecture before the Judicial Section of the State Bar of Texas on July 3, 1941, delivered by Justice James P. Alexander, in which he stated concerning Rule 279:

"This is substantially the rule as previously announced by the Supreme Court in the *Pepper* case. [Wichita Falls & O. Ry. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940)] It was not the intention of the committee to make any change in the rule, but merely to announce it as it had been formulated by the Court. Under this rule, if a ground of recovery or of defense is wholly ignored or neglected, and no issue is submitted or requested thereon, it will be held to have been waived and no recovery or defense can be based thereon. If, however, the grounds of recovery or of defense consist of more than one element—that is, require more than one issue to submit them—and the Court submits some of the elements but omits others, and there is no objection to the failure to submit same, the parties will be placed in the position of having agreed to waive a jury trial on the unsubmitted elements and to have submitted them to the court for his determination. Either party, after notice and before final judgment is rendered, may request the Court to make an express finding on such issues. In such an event the judge may find as he thinks the evidence justifies. If he does not make such finding, then, on appeal, it will be presumed that the Court found on such unsubmitted elements in such manner as to support the judgment."

■ Since no statement of facts was submitted to this court for our consideration, it will be presumed that the trial court found as a matter of law that Appellant Russell Tunnell was engaged in interstate commerce. Rule 279, Tex.R.Civ.P.; Wichita Falls & Oklahoma Ry. Co. v. Pepper, supra.

The judgment of the trial court is affirmed.