**ALLIED DEVELOPMENT COMPANY, Appellant,**

v.

**MORT ROZELL COMPANY, Appellee.**

No. 6880.

Court of Civil Appeals of Texas, El Paso.

Nov. 21, 1979.

Dibrell, Dotson, Dibrell & Dibrell, T. Kellis Dibrell, San Antonio, for appellant.

Daniel R. Rutherford, San Antonio, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a suit on a promissory note tried before a jury, and judgment was rendered for the Plaintiff. We affirm.

Speaking of the parties as they appeared in the trial Court, Plaintiff brought this suit on a promissory note executed by the Defendant and payable to the Plaintiff, and the Defendant imposed the defense of failure of consideration, pleading that the note was for the balance due on a contract wherein Plaintiff agreed to perform certain excavation and paving work for the Defendant, but that the work was not done in a good and workmanlike manner in accordance with the contract. Three issues were submitted to the jury by which they found (1) that the Plaintiff advised an agent for the Defendant that the asphalt should not be laid at the time that it was, (2) that the agent for Defendant, contrary to Plaintiff's advice, instructed Plaintiff to lay the asphalt, and (3) that the agent for the Defendant had the authority to instruct the Plaintiff to lay the asphalt at the time it was laid.

Appellant presents six points of error which relate to two basic issues. First, the admission of certain evidence relating to the special issues, and, second, the submission of those issues themselves without pleadings or evidence on which they could be based.

As we view the record, any error in the submission of the issues or the evidence in support of them is harmless for the reason that the issues themselves are surplusage. The case pled by Plaintiff was one pure and simple for the balance due on a promissory note and attorney fees as provided in the note. The note was introduced without objection, and evidence of the payments made and the balance due was also introduced without objection; there was no evidence offered to the contrary as to those items. Thus, Plaintiff's case as pled was established as a matter of law. Those matters are not questioned on appeal.

As noted, the defense was one of failure of consideration. The Defendant offered no issues to make out that defense. The three issues submitted were offered by the Plaintiff and are in the nature of a rebuttal or reply to possible defense issues of failure of consideration. Defendant objected to these issues, and on appeal urges that the Court erred in submitting them because they were not supported by pleadings or evidence. It is evident that any error in submitting these issues is harmless, for, if we agreed with Appellant that they should not have been submitted and their answers now disregarded, it would not affect the judgment. That judgment is based on a promissory note which Defendant has admitted that it signed, and the balance due is not contested. No issues were necessary to establish Plaintiff's case.

The defense to the note was one of failure of consideration. No issue was requested or submitted on that defense. Rule 279, Tex.R.Civ.P., states that "[u]pon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; . . ." Under that rule, the defense of failure of consideration was waived. *Denton Publishing Company v. Boyd*, 460 S.W.2d 881 (Tex.1970); 3 McDonald, Texas Civil Practice sec. 12.36.2 at 433 (1970), and authorities there cited.

Since the three issues submitted were not material to the matter in controversy—the

suit on the promissory note—it is well settled that they may be ignored in rendering judgment. *T. A. Manning & Sons, Inc. v. Ken-Tex Oil Corporation*, 418 S.W.2d 324 (Tex.Civ.App.—Austin 1967, writ ref'd n.r. e.); *Teas v. Republic National Bank of Dallas*, 460 S.W.2d 233 (Tex.Civ.App.—Dallas 1970, ref'd n.r.e.).

It follows that, under the state of the record in this case, the evidence complained of as being inadmissible is of no consequence. The issues to which the evidence was directed being immaterial, the evidence admitted in support of them, if erroneously admitted, would be harmless error.

The judgment of the trial Court is affirmed.