**STATE of Tennessee, Appellee,**

v.

**George HARLESS, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 24, 1980.

Thomas McKinney, Jr., Kingsport, for appellant.

William M. Leech, Jr., Atty. Gen., William P. Sizer, II, Asst. Atty. Gen., Nashville, H. Greeley Wells, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

TATUM, Judge.

At a bench trial, George Harless was convicted of driving while intoxicated (third offense) for which he was sentenced to eleven months and twenty-nine days in the county jail, and a fine of $1,000 was imposed. He was also found guilty of leaving the scene of an accident, and punishment was fixed at 30 days in jail and a fine of $50.00. The jail sentences were ordered to run consecutively.

The defendant concedes that the judgment of conviction for leaving the scene of an accident is a correct judgment supported by the evidence; he assigns no error with respect to this conviction. His only assignment of error attacks the weight and sufficiency of the evidence in the driving–while–intoxicated case.

Thus, because the defendant offered no evidence on his behalf, the State's proof remained uncontradicted. At about 5:15 P.M. on August 5, 1979, officers of the Kingsport Police Department, in responding to a disturbance call, observed the defendant. He was an unwelcomed visitor at a lady's residence. When observed by the officers, he was unsteady on his feet; his speech was slurred; his face was flushed; and he had a strong odor of alcoholic beverage on his breath. The defendant "seemed more or less carefree, just didn't care what happened." After leaving the residence, he walked to another residence in the neighborhood, but he was not welcomed there, also. The officers accordingly "put him out" of the second residence. The officers testified that they did not arrest the defendant, because he lived in the neighborhood and was not endangering himself or anyone else at that time.

About one hour later, he had procured an automobile, subsequently sideswiped a parked automobile when he passed it, and then left the scene of the accident. The officers immediately obtained a warrant for the defendant's arrest but were unable to locate him during the following week. The defendant turned himself in to the police a little more than one week later.

The defendant insists that the evidence of his intoxication is insufficient to support the finding that he was intoxicated; he does not question the evidence identifying him as the driver of the hit–and–run automobile. We find overwhelming evidence to support the trial judge's finding that the defendant was intoxicated while driving. Since the defendant left the scene, there was no direct evidence of his condition at the moment the accident occurred, but the crime can be established by circumstantial evidence. *Duchac v. State*, 505

S.W.2d 237, 241 (Tenn.1973). There was strong evidence that the defendant was "obviously intoxicated" about one hour before the traffic accident. He caused the accident by striking a parked vehicle. The trial judge also considered the defendant's flight after the accident. See *Pulley v. State*, 506 S.W.2d 164 (Tenn.Cr.App.1973); *Broz v. State*, 4 Tenn.Cr.App. 457, 472 S.W.2d 907 (1971). We find sufficient evidence to support a finding by a rational trier of fact of guilt beyond a reasonable doubt. Rule 13(e), *Tennessee Rules of Appellate Procedure.*

■ Though not made an issue for review by the defendant, we have considered the question of whether the trial judge has the constitutional power to impose a fine of more than $50.00. *Metzner v. State*, 128 Tenn. 45, 157 S.W. 69, 70 (1913), and other cases, hold that Article VI, Section 14 of the Tennessee Constitution prohibits a judge from imposing a fine in excess of $50.00 and that this provision of the Constitution cannot be waived. However, the Supreme Court has since adopted Rule 5(c)(2) T.R. Cr.P., purporting to empower judges to impose "any fine or jail sentence prescribed by law for such misdemeanor" when the defendant waives a jury trial. The adoption of this rule by the Supreme Court persuades us that the Court now considers that the provisions of Article VI, Section 14, may be waived by the defendant.

Since the defendant makes no attack on his conviction for leaving the scene of an accident, he is denied bail with respect to this case pending any disposition of an application to the Supreme Court for permission to appeal. The bail bond pending disposition of any application for permission to appeal the driving–while–intoxicated case to the Supreme Court will remain at $5,000. Rule 8(c), *Tennessee Rules of Appellate Procedure.*

The judgments of the trial court are affirmed.

DWYER and SCOTT, JJ., concur.

SCOTT, Judge, concurring and dissenting.

I concur in the lead opinion that the conviction of driving while intoxicated should be affirmed. However, I believe the judgment should be modified to set the fine at $50.00 rather than $1,000.00, since this was a bench trial.

Article VI, Section 14 of the Constitution of Tennessee provides that: "(n)o fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars."

In *Metzner v. State*, 128 Tenn. 45, 157 S.W. 69, 70 (1913), the Tennessee Supreme Court held that the power or jurisdiction to inflict a fine exceeding $50.00 having been conferred by law upon a jury alone, and withheld from the judges cannot be invoked by waiver or consent to endow a judge with this power. Jurisdiction is conferred by law only.

Rule 5(c)(2), T.R.Cr.P., purports to enlarge the jurisdiction of judges when the defendant waives trial by jury. That section provides that in such a case the magistrate may hear the case and, "enter such verdict and judgment as the evidence warrants and the law directs, including any fine or jail sentence prescribed by law for such misdemeanor."

In the Committee Comments to Rule 5(c)(2), the commission which authored the rules assumes that a judge can constitutionally impose a fine in excess of $50.00, despite the constitutional provision. The committee's rationale, which was presented to the Supreme Court prior to the court's approval of the rules, is based upon the idea that the waiver by the accused confers jurisdiction upon the court. The committee analogizes to the waiver of a jury trial in other cases where the judge can exercise full jurisdiction.

In light of *Metzner*, the committee's rationale is faulted. The court there specifically stated that an accused cannot do what

the committee says that he can do. I do not believe that the approval of the Tennessee Rules of Criminal Procedure by the Supreme Court, the General Assembly, and the Governor has the effect of overruling the clear provision of Article VI, Section 14 of the Constitution of Tennessee. Although this matter was not raised by the appellant, it is my opinion that lack of jurisdiction is plain error under Rule 52(b), T.R.Cr.P., since it obviously affects the substantial rights of the accused.

Hence, I would modify and affirm the judgment, with the fine reduced to $50.00.