IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. MORGAN LEWIS RAY

**Appeal as of Right from the Circuit Court for Bedford County
No. 14414  Charles Lee, Judge**

---

**No. M1999-00531-CCA-R3-CD - Decided July 25, 2000**

---

Morgan Lewis Ray appeals his conviction by a jury in the Bedford County Circuit Court of one count of driving under the influence, fifth offense, a class A misdemeanor, and one count of driving on a revoked license, second or subsequent offense, a class A misdemeanor. The trial court imposed a sentence of eleven months and twenty-nine days incarceration in the Bedford County Jail for driving under the influence, requiring service of one hundred percent of the sentence.  The trial court also imposed a sentence of eleven months and twenty-nine days incarceration for driving on a revoked license, requiring service of seventy-five percent of the sentence.  On appeal, the appellant presents the following issue for review: whether the evidence produced at trial was sufficient to support both convictions.  Following a review of the record and parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

OGLE, J., delivered the opinion of the court, in which HAYES, J., and Smith, J. joined.

John E. Herbison, Nashville, Tennessee, Andrew Jackson Dearing, III, Shelbyville, Tennessee, for the appellant, Morgan Lewis Ray.

Paul G. Summers, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, Robert Crigler, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Factual Background.

On the night of April 23, 1998, Deputy David Williams, Jr., and Reserve Deputy John Huffman were dispatched to a car accident on El Bethel Road.  When they arrived at the scene, the officers discovered an empty car, which had been driven off the left side of the road and was positioned with the driver's side door over a pond.  A fence post had penetrated the driver's side of the windshield and was lying against the steering wheel. The officers discovered blood inside the car, primarily on the driver's side. There was also a trail of blood across the passenger's side of the car.

Further investigation led the officers to the residence of the appellant's uncle.  Two other policemen, Officer Melvin Leeman and Trooper D'Angelo Inman, joined the officers at the

residence. In a trailer located on the property, they located Elizabeth Ferrell, whom they later learned was a passenger in the vehicle. After further searching the property, Deputy Huffman found the appellant hiding under a truck. When the authorities began to question Ms. Ferrell, the appellant stated, "Leave her alone. I was driving." Ms. Ferrell also denied driving the wrecked vehicle, asserting that she was only a passenger.

At trial, the appellant and Ms. Ferrell denied ever stating to the police that the appellant was the driver. They testified that Ms. Ferrell was driving the vehicle because the appellant was teaching her how to drive. The appellant admitted to being intoxicated when Ms. Ferrell accidentally drove off the road. The appellant further explained that he and Ms. Ferrell left the car to seek medical attention, because his left thumb was injured and bleeding badly. Finally, the appellant admitted that, at the time of the accident, his license was revoked.

The jury found the appellant guilty of driving under the influence (DUI), fifth offense, a class A misdemeanor,[1] and driving on a revoked license, second or subsequent offense, a class A misdemeanor. The trial court sentenced the appellant to eleven months and twenty-nine days incarceration in the Bedford County Jail for driving under the influence and ordered the appellant to serve one hundred percent of the sentence in incarceration. The trial court also sentenced the appellant to eleven months and twenty-nine days incarceration for driving on a revoked license and ordered the appellant to serve seventy-five percent of the sentence in incarceration. Finally, the trial court ordered the appellant to serve his sentences consecutively to each other and to a prior sentence.

## II. Analysis

The sole issue on appeal is whether there was sufficient evidence produced at trial to sustain the appellant's convictions of DUI and driving on a revoked license. In Tennessee, appellate courts give considerable weight to a jury verdict in a criminal trial. A jury conviction essentially removes the presumption of the defendant's innocence and replaces it with a presumption of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no "reasonable trier of fact" could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

Thus, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Williams, 657 S.W.2d 405, 410

---

[1]Tenn. Code Ann. §55-10-403(a)(1) was amended in 1998 to make a fourth or subsequent conviction of DUI a class E felony. H.B.3242, 100th General Assembly, 2d Sess.,1998 Tenn. Pub. Acts Ch. 1046, § 2. For the amended law to apply, at least one of the violations of Tenn. Code Ann. §55-10-401, driving under the influence, must have occurred on or after July 1, 1998. Id. The offense in this case was committed April 23, 1998. Therefore the prior law, which made a third or subsequent conviction of DUI a class A misdemeanor, was applied. Tenn. Code Ann. § 55-10-403(a)(1) (1997).

(Tenn. 1983). Put another way, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. State v. Pruett,788 S.W.2d 559, 561 (Tenn. 1990).

To justify a conviction of driving under the influence, the State must prove at trial that the appellant was driving or was in physical control of an automobile on a public road of Tennessee while under the influence of an intoxicant. Tenn. Code Ann. §55-10-401(1) & (2) (1998). To justify a conviction of driving on a revoked license, the State must prove that the appellant drove a motor vehicle on a public highway of Tennessee when the appellant's privilege to drive was revoked. Tenn. Code Ann. § 55-50-504(a)(1) (1998). At trial, the State produced testimony that El Bethel Road is a public road in Tennessee. The appellant admitted during cross-examination that he was intoxicated at the time of the accident and that on the night in question his driver's license was revoked. The sole remaining element required to establish both offenses was that the appellant was the person driving the vehicle at the time of the accident.

The appellant argues that only circumstantial evidence supported a finding that he was driving the vehicle on the night in question. However, "[l]ike any other crime, driving under the influence of an intoxicant can be established by circumstantial evidence." State v. Ford, 725 S.W.2d 689, 691 (Tenn. Crim. App. 1986). See also State v. Lawrence, 849 S.W.2d 761, 764 (Tenn. 1993); State v. Harless, 607 S.W.2d 492, 493 (Tenn. Crim. App. 1980). When the evidence is wholly circumstantial, the evidence "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." State v. Crawford, 470 S.W.2d 610, 612 (Tenn.1971); State v. Epps, 989 S.W.2d 742, 744-745 (Tenn.Crim.App. 1998); State v. Shaw, No. 01C01-9312-CR-00439, 1996 WL 611158, at *2(Tenn. Crim. App. at Nashville, October 24, 1996). When, as in this case, direct evidence or direct and circumstantial evidence supports a conviction, the evidence need not exclude every other reasonable hypothesis. The applicable standard is simply whether any "reasonable trier of fact" could have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319, 99 S.Ct. at 2789. In this case, contrary to the appellant's assertion, the State adduced direct evidence in the form of the appellant's prior admission that he was the driver of the vehicle that night. Considered in combination with the rest of the evidence produced at trial, this evidence supported findings by a reasonable trier of fact that the appellant was guilty of DUI and driving on a revoked license.

Moreover, had the State produced only circumstantial evidence in this case, i.e., if the appellant's statement had not been introduced into evidence, there was, in any event, sufficient evidence to exclude every other reasonable hypothesis except the guilt of the defendant. See Crawford, 470 S.W.2d at 612. The appellant admitted to having his driver's license revoked, to being intoxicated, and to being in the car that night. The State demonstrated, through the testimony of three officers, that blood in the car was located primarily on the driver's side, with the exception of a trail of blood across the passenger's side. The driver's side door was positioned over a pond, precluding the driver's exit through that door. There was testimony that the appellant was injured around the time of the accident and that his left thumb bled profusely.

Although Ms. Ferrell testified that she had blood on her arms, none of the officers at the scene recalled seeing blood anywhere on her person. This evidence alone, even without the appellant's admission, is enough to weave a web of guilt around the appellant from which he cannot escape and from which the jury could draw no other reasonable inference except for his guilt beyond a reasonable doubt. See Crawford, 470 S.W.2d at 613. See also State v. Hall, 976 S.W.2d 121,140 (Tenn. 1998).

### III. Conclusion.

For the foregoing reasons we affirm the judgment of the trial court.